[S. F. No. 1091.  Department Two.—June 8, 1899.]

LEMUEL PEISER et al., Appellants, v. THOMAS H. GRIF-FIN, MINNIE L. PEISER, and W. B. BRADBURY, Intervenor, Respondents.

ACTION TO ENFORCE TRUST—AMENDMENT TO COMPLAINT—CHANGE OF ACTION—TRANSFER OF COMMUNITY PROPERTY BY WIFE—STATUTE OF LIMITATIONS.—A complaint by a husband and child to enforce a trust against his wife, and her grantees, based upon the theory that she took the legal title as trustee for the benefit of the husband, wife and child, in equal shares, and conveyed it in violation of the trust, and that her grantee and his successor were not innocent purchasers, cannot be amended so as to change the cause of action by averring that the property held in the name of the wife was community property, of which she could not transfer the title, if such new cause of action was barred by the statute of limitations at the time of the proposed amendment.

ID.—LIMITATION OF PAST CAUSE OF ACTION—VALID AMENDMENT OF CODE. The amendment of March 3, 1893, to section 164 of the Civil Code, providing that where married women conveyed real property acquired prior to May 19, 1889, the husband shall be barred from commencing any action to show that said real property was community property from and after July 1, 1894, is a valid statute of limitations, fixing the time within which an action to avoid such a past conveyance by the wife must be brought.

Id.—Amendment After Bar of Action—Constitutional Law.—If the statute of limitations has barred the right to commence an action to set aside a conveyance, the title of the property is regarded as vested in the possessor, irrespective of the original right, and no subsequent amendment or repeal of the limitation can constitutionally have a retroactive effect so as to disturb the title.

Id.—Findings—Payment by Husband—Trust.—A finding in the action to enforce the trust that the husband paid for the property held in the wife's name is not a finding that the property was community property, and does not warrant a judgment for the husband if the court finds that the wife did not hold the property in trust.

.d.—Failure of Action—Omission to Find—Title of Intervenor.— Where, under the findings made, the judgment properly followed that the plaintiffs take nothing by their action, an omission to find determinately as to the title of an intervenor, who claimed to be a *bona fide* purchaser for value from the grantee of the wife, is immaterial, and cannot work an injury to the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Willard A. Richardson, for Appellants.

Thomas J. Clunie, for Thomas H. Griffin, Respondent.

O'Brien, O'Brien & O'Brien, for W. B. Bradbury, Intervenor, Respondent.

HENSHAW, J.—Lemuel Peiser for himself and as guardian *ad litem* of Edwin A. Peiser, his minor son, sued Thomas H. Griffin and Minnie L. Peiser, his wife.   He alleged that on May 1, 1889, two certain lots of land in San Francisco were purchased with his money, and "that the deed of conveyance was had and made in the name of Minnie L. Peiser for the purpose of and in trust for plaintiff and said Minnie L. Peiser, and the child of parties, Edwin Adair Peiser"; that Thomas H. Griffin conspired with Minnie Peiser to defraud plaintiffs of their property, and, exercising undue influence upon her, induced her to convey and transfer the property to him.   A judgment was sought restraining Griffin from alienating the property and set-

ting aside Mrs. Peiser's deed to him. This complaint was filed on June 26, 1889.

Griffin answered denying the charge of undue influence. In October, 1890, W. B. Bradbury was allowed to intervene, and filed his complaint, in which he set up that without notice and for a valuable consideration he had upon June 24, 1889, purchased the property from Griffin. The answer to this complaint in intervention consisted of denials and an iteration of the matters pleaded in the original complaint. It was filed in March, 1895.

Upon these pleadings trial was had. The court found that the land in question was paid for with the money of Lemuel Peiser, and that the deed was taken in the name of his wife; that his wife did not hold the title to the property under any trust; that the wife conveyed the property to Griffin without any valuable consideration, but that she had not been moved to the making of the deed by undue influence; that Bradbury purchased the property upon June 24, 1889, for a valuable consideration. The judgment denied plaintiffs any relief, and gave costs to defendant Griffin and intervenor Bradbury. From this judgment, and from the order denying a new trial, plaintiffs appeal.

Upon the trial it was shown that Mrs. Peiser conveyed to Griffin one lot, and assigned to him a contract for the purchase of a second lot. Plaintiffs thereupon sought leave to file an amended complaint, setting up that the first lot was purchased with community funds, and was community property; that the same was true of the second lot, and that the later installments called for by the contract had all been paid by the plaintiff since the commencement of the action. The court refused permission to file this offered pleading. In so doing it held that the proposed complaint did not amend the old, but charged upon a new and distinct cause of action, and that the statute of limitations barred plaintiffs' right to prosecute upon this new cause. The soundness of the court's ruling on this matter is the most important question in this case.

The original complaint is framed upon the theory that the trustee holding the legal title had made a conveyance in violation of the trust to one not an innocent purchaser for value,

which conveyance was, therefore, voidable at the instance of the beneficiaries (Civ. Code, sec. 869); for, if the property was community property, the legal title remained in the husband, notwithstanding that the deed was taken in the name of the wife, and the wife could not pass the title to it. An attempt of the wife to dispose of community property, real or personal, is a nullity. "If land, being community property, is conveyed to the wife during marriage, she takes no real title in it. The whole title, both real and equitable, at once vests in the husband by means of the deed to the wife. . . . . Even the portion of community property standing in her own name and acquired by her, the wife cannot convey nor transfer." (Pomeroy on Community Property, 4 West Coast Rep. 390, 393; *Tryon v. Sutton,* 13 Cal. 490; *Van Maren v. Johnson,* 15 Cal. 308.) If the original complaint had been framed upon the theory that the property was community property, it would certainly have contained some distinct allegation to this effect, but it does not. The averment that the property was purchased with the money of the husband might be open to the construction that community money was meant thereby were the action prosecuted against a mere stranger, but, as against his wife and her grantee, under this complaint it can only have reference to the husband's separate property, or, if it can be said that it refers to community property, then the further allegations demonstrate that its character as community property was destroyed by the express trust created in the wife as trustee for the benefit of the three. If the husband had meant to avoid the deed of his wife as being an attempt by her alone to pass title to the community property, he would not have pleaded a trust; he would not have sued as guardian *ad litem* of his minor son, who could have no actionable interest in the community property; he would not have sought an injunction to restrain Griffin from cheating and defrauding him by conveying the property away, when Griffin would have had nothing to convey. The manifest theory of the original complaint is, that the legal title vested in Mrs. Peiser, as it could not vest if the property were community property; that it vested in her under a trust which created an equitable interest or title to one-third each of the land in the father and minor son. By

the proposed amended complaint all of these issues are withdrawn, and another and distinct cause of action is pleaded, namely, an action to establish that the property which had stood in the name of Mrs. Peiser was community property, and, consequently, that the title had always been in the husband, and could not have been conveyed by the wife's deed.

At the time when this suit was commenced such an action was open and available to the plaintiff, but upon March 3, 1893, section 164 of the Civil Code was amended. With other important changes which were wrought by the amendment, it was provided that in cases where married women have conveyed real property which they acquired prior to May 19, 1889, the husbands shall be barred from commencing any action to show that said real property was community property, or to recover such real property from and after July 1, 1894. This is a perfectly valid statute of limitations fixing the time within which an action to avoid such a past conveyance of the wife must be brought. It applied to this plaintiff's right of action, for Mrs. Peiser acquired the property prior to May 19, 1889, and her deed to Griffin was executed in June, 1889. The application to file the amended complaint was made in May, 1896. At that time plaintiff could not have commenced and maintained such an action as an original proceeding, and the court, under intervenor's objection, properly refused to permit him, in the guise of an amendment, indirectly to do the same thing. Nor was it incumbent on the court to permit the amendment with leave to the adverse parties to plead the statute. Their objection to permitting the amended answer to be filed was that it was not an amendment to the old, but the statement of a new cause of action, and one that was barred by the provisions of section 164 of the Civil Code. These grounds of objection being well taken, the proposed pleading was properly excluded from the files.

On March 4, 1897, section 164 of the Civil Code was again amended. It now contains this provision: "In cases where married women have conveyed or shall hereafter convey real property which they acquired prior to May 19, 1889, the husbands or their heirs or assigns of such married women shall be barred from commencing or maintaining any action to show

that said real property was community property, or to recover said real property, as follows: As to conveyances heretofore made, from and after one year from the date of the taking effect of this act, and, as to conveyances hereafter made, from and after one year from the filing for record in the recorder's office of such conveyances respectively." Appellants contend that this amendment operates to enlarge the time for the commencement of the action, and that, even if the trial court was justified in refusing to allow them to file an amended complaint owing to the condition of the law at the time when the amended pleading was offered, still the code amendment of 1897 being within the judicial knowledge of this court, we should now accord appellants the permission contemplated by the present law. But at the time when plaintiff proposed his amendment the statute of limitations barring his right to commence such an action had already run. By its running the title to the property, irrespective of the original right, is regarded as vested in the possessor, and the subsequent repeal of the limitation law cannot be given a retroactive effect so as to disturb the title. (Cooley's Constitutional Limitations, 6th ed., 448.)

The foregoing renders unnecessary any extended consideration of appellants' remaining points. The findings are responsive to the issues tendered by plaintiffs' complaint. For the most part they negative the averments therein contained. The finding in the language of the complaint that the land was purchased with the money of Lemuel Peiser is not a finding that the property in question was community property, and therefore did not warrant, as appellants contend, a judgment in their favor. Under the findings, the judgment properly followed that plaintiffs should take nothing by their action. Appellants complain that the findings under the complaint in intervention do not determine the title, but, as under the findings actually made they could not under any possibility recover, additional findings could not have benefited them, and the absence of them cannot work them injury. We perceive no rulings in the admission or rejection of evidence which call for especial consideration.

The judgment and order appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.