[L. A. No. 2191. Department One.—December 16, 1908.]

L. W. BOOKER, as Executor of the Will of Tennessee A. Andrews, Deceased, Respondent, v. GREGORIO CASTILLO et al., Appellants.

COMMUNITY PROPERTY ACQUIRED PRIOR TO MARCH, 1889—PRESUMPTION. —Prior to the adoption of the amendment of March 19, 1889, to section 164 of the Civil Code, the presumption was that property conveyed to either husband or wife after their marriage by a conveyance other than a deed of gift was community property, and this presumption could be overcome only by a showing that the property was in fact acquired by the spouse in such a way as to make it separate property under the provisions of sections 162 and 163 of the Civil Code. In the absence of such a showing the presumption was controlling.

ID.—EFFECT OF AMENDMENT OF MARCH 19, 1889 TO SECTION 164 OF CIVIL CODE—AMENDMENT NOT RETROACTIVE.—The amendment of March 19, 1889, to section 164 of the Civil Code, changing this presumption by adding to the section the words "but whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property," and providing that such presumption should be conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration, is not retroactive, and has no application to property acquired by husband or wife before its enactment.

ID.—AMENDMENTS OF MARCH 3, 1893, AND MARCH 4, 1897.—STATUTE OF LIMITATIONS.—Neither the amendment of March 3, 1893, to section 164 of the Civil Code, consisting of the addition of the following words: "And in cases where married women have conveyed real property, which they acquired prior to May 19, 1889, the husbands, or their heirs or assigns, of said married women shall be barred from commencing any action to show that said real property was community, or to recover said real property from and after July 1, 1894"; nor the amendment of March 4, 1897, which made the amendment of March 3, 1893, applicable to future as well as past conveyances, and provided that as to future "conveyances" the action must be commenced within "one year from the filing for record in the recorder's office of such conveyances," purport to change the presumption arising out of a conveyance made to a married woman prior to May 19, 1889, when the amendment of March 19, 1889, took effect. Both of such amendments are simply statutes of limitation.

ID.—AMENDMENTS NOT APPLICABLE TO MORTGAGE BY MARRIED WOMAN. —Neither the amendment of March 3, 1893, nor the amendment of March 4, 1897, has any application to a case where the married

woman has simply purported to mortgage property as security for a debt. A mortgage is not a conveyance within the meaning of section 164 of the Civil Code as so amended.

ID.—MORTGAGE BY ADMINISTRATOR OF DECEASED WIFE—SHERIFF'S DEED —RUNNING OF STATUTE AGAINST HUSBAND.—Conceding that such amendments are applicable to the case of a mortgage executed by the administrator of the estate of the deceased wife, under order of the court having jurisdiction of her estate for purposes of administration, a foreclosure thereof and a sheriff's deed to the purchaser at the foreclosure sale, the statute as to a sheriff's deed made after the amendment of 1897 would not bar the husband, his heirs, or assigns, until one year after the filing of such deed in the recorder's office.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

William Mallagh, and William Shipsey, for Appellants.

R. V. Bouldin, and Carpenter & Gibbons, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment and an order denying their motion for a new trial in an action commenced by plaintiff on June 12, 1905, to have it determined that the estate of his testatrix is the owner of a tract of land containing some 160 acres in San Luis Obispo County, and that defendants' claims thereto are without right. Plaintiff's claim, sustained by the findings and judgment, is that the estate of Mrs. Andrews owns the whole property. The defendants' claim is that such estate owns only an undivided eight twelfths thereof, that four of the defendants, surviving children of Juan Castillo, deceased, each owns an undivided one twelfth, and that the whole property is subject to administration in the matter of the estate of Juan Castillo, of which one of said children, Graciano Castillo, is administrator.

The material facts are clearly set forth in the findings of the trial court. Plaintiff's claim is based entirely on a sheriff's deed executed after sale in foreclosure proceedings on a mortgage given on the interest of Gorgonia Valencia in said property by the administrator of her estate, on order of the court duly made in the administration of her estate. It was author-

ized to be given and was given to secure a loan of one thousand one hundred dollars, made by plaintiff's testator, Mrs. Andrews, to enable the administrator of Mrs. Gregorio Valencia's estate to satisfy a foreclosure decree on a prior mortgage on the property, given by her and her husband Gregorio Valencia, on November 9, 1895, to one B. Sinsheimer, and assigned to the Andrews Banking Company, and the money loaned was used for the authorized purpose. The mortgage of November 9, 1895, was given to renew a former mortgage given by the same parties on December 2, 1889, which had been given to renew a mortgage on the same property executed to Sinsheimer by Gorgonia alone, on December 4, 1883, while she was the wife of Juan Castillo. It is not disputed by defendants that the sheriff's deed vested in the estate of Mrs. Andrews whatever interest Gorgonia Valencia's estate had in the property, the claim being that as to an undivided four twelfths thereof, neither Gorgonia nor her estate ever had any interest.

From July 5, 1860, to October 6, 1884, Juan Castillo and said Gorgonia were husband and wife. This relation was terminated on the last-named date by the death of Juan. For at least ten years next preceding his death, they, with their children, resided on this property. During this time,—viz. on October 17, 1882, one Joaquin Dughi made and delivered to said Gorgonia, the wife, a deed purporting to grant, bargain, sell, and convey the property to her, for the expressed consideration of six hundred and fifty dollars. Accepting the theory most favorable to plaintiff, said Dughi was, at the time of the execution of this deed, the owner of the property It is not intimated that the purchase price was not paid from community funds. The only evidence on the question is the deed itself. No conveyance of the property was ever made by Juan to his wife. Juan left six children, two of whom (Juanita and Ellnora) died before Gorgonia, never having attained the age of majority, married, or had issue. The other four children are defendants here. Letters of administration on the estate of said Juan were issued to Graciano Castillo, one of said children, who is both personally and as such administrator a defendant here, and said estate is still pending, unsettled and undistributed. From the time of Juan's death to her marriage with Gregorio Valencia, February 18, 1886, Gorgonia, with her children by Juan, continued to reside on

this property. From the death of Gorgonia, December 27, 1895, her surviving husband, Gregorio, with her surviving children by Juan, except Graciano, and her children by Gregorio, continued to reside thereon.

If the property at the time of the death of Juan was community property, Gorgonia then succeeded to six twelfths thereof as surviving wife, and subsequently to the two twelfths of the children Juanita and Ellnora, who died pending administration of their father's estate, as hereinbefore specified, and the remaining four twelfths belonged to the four surviving children of Juan. Plaintiff's claim that the estate of Gorgonia had any greater interest than an undivided two thirds is necessarily based on the contention that the property must here be regarded as having constituted separate property of Gorgonia at the time of the death of Juan Castillo.

Upon the foregoing facts, it is clear that it must be held that the property was community property at the time of the death of Juan, October 6, 1884, and that the wife's interest therein up to that time was only such interest as she would succeed to upon his death. Prior to the adoption of the amendment of March 19, 1889, [Stats. 1889, p. 328], to section 164 of the Civil Code, the presumption was that property conveyed to either husband or wife after their marriage by a conveyance other than a deed of gift was community property (see *Nilson* v. *Sarment*, 153 Cal. 524, [96 Pac. 315], and cases there cited), and this presumption could be overcome only by a showing that the property was in fact acquired by the spouse in such a way as to make it separate property under the provisions of sections 162 and 163 of the Civil Code. As we have said, there was no attempt to make any such showing in this case, and the presumption that it was community property is therefore controlling. The amendment of March 19, 1889, to section 164 of the Civil Code changed this presumption by adding to the section the words "but whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property," and provided that such presumption should be conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration. As to this amendment it was said in *Nilson* v. *Sarment*, 153 Cal. 524, [96 Pac. 315] : "It is thor-

oughly settled that the amendment of 1889 is not retroactive, and has no application to property acquired by husband or wife before its enactment." This statement is fully supported by the authorities. (*Jordan* v. *Fay*, 98 Cal. 264, [33 Pac. 95]; *Gwynn* v. *Dierssen*, 101 Cal. 563, [36 Pac. 103]; *Lewis* v. *Burns*, 122 Cal. 358, [55 Pac. 132].)

There was no further change in the law until March 3, 1893, when section 164 was again amended. From what has been said, it is clear that up to this time the wife's only interest in the property was such as she had acquired under the laws of succession from her husband, Juan, and from her two children who had died pending the administration of his estate.

On March 3, 1893, section 164 of the Civil Code was again amended by the addition of the following: "And in cases where married women have conveyed real property, which they acquired prior to May nineteenth, eighteen hundred and eighty nine, the husbands, or their heirs or assigns, of said married women shall be barred from commencing any action to show that said real property was community, or to recover said real property from and after July first, eighteen hundred and ninety four." (Stats. 1893, p. 71.) On March 4, 1897, this provision was amended in such a way as to make it applicable to future, as well as past conveyances, by inserting the words "or shall hereafter convey," and by providing that as to future "conveyances," the action must be commenced within "one year from the filing for record in the recorder's office of such conveyances. . . ." (Stats. 1897, p. 63.) Neither of these amendments purported to change the presumption arising out of a conveyance made to a married woman prior to May, 1889, when the amendment of March, 1889, took effect, and both were simply statutes of limitation. It was said in *Peiser* v. *Griffin*, 125 Cal. 9, 13, [57 Pac. 690], speaking of the amendment of 1893: "This is a perfectly valid statute of limitations fixing the time within which an action to avoid such a past conveyance of the wife must be brought."

We do not consider it necessary to discuss certain constitutional objections made by defendants to these provisions, which it is said were not brought to the attention of the court in *Peiser* v. *Griffin*, 125 Cal. 9, 13, [57 Pac. 690], for we are of the opinion that neither is applicable under the facts of this

case.  We are satisfied that neither provision has any applica-
tion to a case where the married woman has simply purported
to mortgage property as security for a debt.  The language of
the provision is "where married women have *conveyed* real
property," etc., "where married women have *conveyed* or shall
hereafter *convey* real property," etc., and "as to *conveyances,*"
etc.  The words "conveyed," "convey," and "conveyance" when
used in reference to real property ordinarily import a trans-
fer of the title.  With us, a mortgage is a mere lien, which
transfers no title to the property subject to the lien.  (Civ.
Code, secs. 2872, 2877, 2888.)  There is nothing in the lan-
guage of section 164 of the Civil Code, as amended, to indicate
that these words were used therein in a different sense.
Plaintiff's counsel points to section 1215 of the Civil Code in
support of his claim that a mortgage is a conveyance within
the meaning of section 164 of the Civil Code, but, as was said
in *Stewart* v. *Powers,* 98 Cal. 514, 518, [33 Pac. 486], "this
section defines the term 'conveyance' only 'as used' in the
recording act, and does not imply that a mortgage is in fact
a conveyance of real property, but rather the contrary; for if
it were a conveyance, and so regarded and understood, it
need not have been included in the definition."  We can find
no warrant for extending the effect of this statute of limita-
tions to make it include cases not fairly within the meaning
of the language used.  It must therefore be held that, at the
time of her death, the wife had not conveyed the property, and
that up to that time, the statute had no application.

As we have said, there was a mortgage executed by the ad-
ministrator of the estate of the deceased wife, under order of
the court having jurisdiction of her estate for purposes of
administration, a foreclosure thereof, and a sheriff's deed to
plaintiff, as purchaser at the sale.  It may well be doubted
whether the amendments under consideration can be construed
as applying to transactions of the legal representative of a wife
after her death.  But if we concede that they are applicable
to such transactions, it cannot avail plaintiff.  What we have
said as to the mortgages executed by the wife is equally ap-
plicable to the mortgage executed by the administrator.  If
the sheriff's deed executed after sale on foreclosure of the
mortgage is regarded as a conveyance by the wife, plaintiff
is not in position to derive any benefit from this statute of

limitation, for the statute had not run at the time of the commencement of this action. As to conveyances made after the amendment of 1897, the time prescribed when the husband, his heirs, or assigns, would be barred was "from and after one year from the filing for record in the recorder's office of such conveyances respectively." It does not appear when this sheriff's deed was filed for record, but it does appear that it was not executed and delivered until April 15, 1905, and that the amended complaint in this action was filed within five months thereafter.

In view of our conclusion on these matters, it is unnecessary to consider other reasons advanced by defendants why the amendments of 1893 and 1897 are not applicable here. For the reasons stated they do not bar defendants from showing that the property was community property of Juan Castillo at the time of his death, or from asserting their rights therein as such community property. It follows that the estate of Mrs. Andrews acquired no interest in the property by virtue of the foreclosure proceedings and the deed based thereon, other than such interest as the surviving wife, Gorgonia, has acquired under the law of succession, viz.: an undivided eight twelfths; that the surviving children of said Juan and said Gorgonia, viz.: defendants Angelita Castillo, Graciano Castillo, John Castillo, and Joseph Castillo, each own an undivided one twelfth thereof; and the whole property is subject to administration in the matter of the estate of Juan Castillo, deceased.

In view of the findings of ownership of the property in the estate of Mrs. Andrews, and the right of possession thereto of the executor of her will, we do not feel warranted in directing a judgment in favor of defendants on the findings.

The judgment and order denying a new trial are reversed.

Sloss, J., and Shaw, J., concurred.