[Civ. No. 3949. Third Appellate District.—January 22, 1930.]

PACIFIC FRUIT EXCHANGE (a Corporation), Respondent, v. G. E. DUKE et al., Appellants.

G. E. Duke, *in pro. per.*, and Robert W. Huston for Appellants.

Nutter, Hancock & Rutherford, Nutter & Rutherford and A. P. Hayne for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a decree of foreclosure.

The defendants were the owners of 200 acres of farm land in San Joaquin County. April 24, 1925, they executed and delivered to the plaintiff, which was a fruit-marketing corporation, their promissory note for $15,000, payable in installments of $5,000 on September 15th of 1925, 1926 and 1927, secured pursuant to section 2955 of the Civil Code by a crop mortgage upon all the products from said land during the years from 1925 to 1929, inclusive. The instrument also provided that "the real estate herein described is also hereby mortgaged to secure the indebtedness herein mentioned." Only about the sum of $3,200 was paid upon the indebtedness in 1925. In 1926 the property was sold to the state for delinquent taxes, and was subsequently redeemed by the plaintiff. In 1926 the farm was not cultivated or cared for in proper manner and the plaintiff was compelled to and did take possession thereof and operate the same at a reasonable cost of $5,769.79, leaving a deficit in the income for that year of $2,233.26. No further sum was paid upon said note. The terms of the note provided in part that:

" . . . We and each of us promise to pay to Pacific Fruit Exchange, a corporation, or order, the sum of Fifteen Thousand and no/100 Dollars, . . . with interest thereon from date until paid, at the rate of eight per cent per annum in like gold coin, payable annually, and if not so paid the interest may be added to the principal and bear like interest, and the whole note may, at the option of the holder, without notice to the maker thereof, be treated as due and payable. . . . "

For default in the payments of both principal and interest for the years 1925 and 1926 the plaintiff declared the entire amount represented by the note to be due. In January, 1927, this suit for foreclosure was brought. The instrument was treated as an agreement for a crop lien and also as a real estate mortgage to secure the payment of the note. The facts were stipulated at the trial. By agreement, two questions only are raised to be determined on this appeal.

The appellants contend that (1) the instrument in question is not a real estate mortgage; but, on the contrary, that it creates only a crop lien; (2) the foreclosure action was prematurely commenced, since the time for deferred

payments was specifically extended to December 1, 1929, by the following terms of the mortgage:

"It is further agreed by the parties of the first part that if the whole of said indebtedness, and all other indebtedness due, owing or existing from first parties or either of them during said year, to second party, is not paid out of the proceeds of said crops of 1925–26–27–28–29, *the parties of the first part may pay such balance in United States Gold Coin on or before the first day of December, 1929,* but should the whole of said indebtedness not be paid on or before the first day of December, 1929 (time being of the essence of this contract), then this agreement is hereby continued through the season of 1930 and thereafter so long as any indebtedness remains unpaid from the parties of the first part to the party of the second part, in all respects as herein agreed upon for the seasons of 1925–26–27–28–29."

We are of the opinion that the instrument in question constitutes a valid real estate mortgage which the plaintiff was authorized to foreclose for any default in the terms thereof or for deferred payments on the note for the security of which the mortgage was given. The appellants assert that the provision of the instrument that "the real estate herein described is also hereby mortgaged to secure the indebtedness herein mentioned" is defective as a real estate mortgage for the reason that it contains no language of grant or conveyance of the real property previously described. Words of grant or conveyance of the property are not required to constitute a valid mortgage. A mortgage is merely a written contract hypothecating specific property and creating a lien for the security of a debt. (Section 2920, Civ. Code; 17 Cal. Jur. 696, sec. 5.) A mortgage is not necessarily a grant of real property. (*Adler* v. *Sargent,* 109 Cal. 42, 49 [41 Pac. 799].) Neither is a mortgage, strictly speaking, a conveyance or transfer of property. (*Booker* v. *Castillo,* 154 Cal. 672, 677 [98 Pac. 1067].) Section 2948 of the Civil Code prescribes the form for a real estate mortgage, with which provisions the instrument involved in the present case conforms in every essential respect. No language of grant or conveyance is employed in this statutory form. The language designating the character of the instrument as required by that section of the code is "that the mortgagor mortgages to the mortgagee

(here describe the property) as security for the payment to him of (here follows a description of the amount and terms of the indebtedness secured).'' In the present case, after naming the parties, setting out the promissory note in detail and describing the real property upon which a crop lien was created to secure the payment of the note, the document further states that ''the real estate herein described is also hereby mortgaged to secure the indebtedness herein mentioned.'' This instrument taken as a whole not only complies with the statutory form for a real estate mortgage, but it clearly expresses the intent of the parties to thereby create a valid real estate mortgage. In the case of *Barroilhet* v. *Battelle,* 7 Cal. 450, very similar language which was employed in a lease of real property was held to constitute a valid mortgage authorizing a foreclosure for default in the payment of rent. The court said: ''The first question which arises in this case, is whether the stipulation amounts to a mortgage, according to the true intent of the parties. It will be observed that the language, though concise, is very explicit. The house is 'declared to be mortgaged as security.' That the parties meant something by these words is clear, and what else could that meaning be, but that which is so clearly expressed? What language could more clearly express in the same number of words, the intention to create a mortgage? The term, 'mortgaged' is very definite and certain in itself, but the parties have added 'as security for the payment of the monthly rent herein stipulated,' thus giving an express definition of the sense in which they used the term.'' ██ Nor is the challenged language of the instrument which creates the real estate mortgage repugnant to the terms of the same document providing for the crop lien. The real estate mortgage and the crop lien are merely cumulative methods of securing the payment of the note.

██ The foreclosure proceeding was not commenced prematurely. The defendants were in default of payments of both principal and interest for the years of 1925 and 1926. The specific terms of the note authorized the holder thereof to declare the entire amount due for default at any time without notice to the makers thereof. The plaintiff elected to do so. The commencement of the action was sufficient notice of this election. It is true that the provision of the

contract heretofore quoted purports to allow the defendants to pay the deficiency in any annual installments which were due, "on or before the first day of December, 1929." The language of the note and this provision of the contract are utterly and irreconcilably inconsistent. Where a conflict respecting the maturity of a debt exists between the conditions which appear in a mortgage and in the note secured thereby, the provisions of the note will control. (1 Jones on Mortgages, 7th ed., 82, sec. 71; 19 R. C. L. 493, sec. 287; 46 L. R. A. (N. S.) 477, note.) A clause in a note authorizing the acceleration of the date of maturity for default in the payment of principal or interest will control a statement in the mortgage which is conflicting therewith unless the provisions of the two instruments may be reasonably reconciled. (19 R. C. L. 494, sec. 290.) It is true that when the note is silent regarding an option on the part of the holder thereof to declare the entire debt due for default in the payment of an installment of interest and the mortgage contains such an acceleration clause, the latter will control. (41 C. J. 453, sec. 340.) This is because the provisions of the two instruments are not repugnant and may be reconciled by adding to the note the further remedy for default which is provided by the mortgage. In the present case, however, the provisions respecting the maturity of the note and mortgage are irreconcilable and the default clause of the note must, therefore, prevail.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1930.

All the Justices concurred.