75 So.2d 141

## Mozelle M. BROWN

v.

## THE FIRST NATIONAL BANK OF MONTGOMERY, as Administrator, etc.

3 Div. 701.

Supreme Court of Alabama.

Aug. 30, 1954.

Rehearing Denied Oct. 28, 1954.

Walter J. Knabe, Knabe & Nachman, Montgomery, for appellant.

Jack Thorington and Hill, Hill, Stovall & Carter, Montgomery, for appellee.

LAWSON, Justice.

Miss Ellen W. Jackson died intestate on September 23, 1952. On November 14,

1952, the First National Bank of Montgomery was appointed administrator of her estate. On December 2, 1952, Mrs. Mozelle M. Brown filed her claim in the probate court of Montgomery County against the estate of Ellen W. Jackson, deceased. Mrs. Brown itemized her claim as follows:

"Note for $250.00 to M. M. Brown, dated August 3rd, 1938

"Note for $500.00 to Marion M. Brown and wife Moselle H. Brown dated January 26, 1938"

Thereafter, on May 27, 1953, on petition of the administrator, the administration of the estate of Ellen W. Jackson, deceased, was removed to the circuit court of Montgomery County, in equity.

The administrator denied the claim filed by Mrs. Brown on the ground that it was barred by the statute of limitations of six years. See § 220, Title 61, Code 1940.

Mrs. Brown thereupon filed her application in the circuit court of Montgomery County, in equity, in accordance with the provisions of § 216, Title 61, Code 1940, as amended, to have the validity of her claim determined. Jury trial was not demanded. After hearing the testimony ore tenus, the trial court rendered a decree denying the claim of Mrs. Brown in its entirety on the ground that "the indebtednesses were not paid but that same are barred by the statute of limitations and that the administrator is not permitted to pay them * * *". From that decree Mrs. Brown duly perfected her appeal to this court.

Neither note is under seal, hence the statute of limitations of six years applies. § 21, Title 7, Code 1940; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401.

The statute of limitations begins to run in favor of the party liable from the time the cause of action accrues, "and the cause of action accrues as soon as the party in whose favor it arises is entitled to begin and prosecute an action thereon." Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809, 811; Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155; Esslinger v. Spragins, supra.

In regard to a note payable on demand, the period of limitation is to be computed from the date of execution and delivery of the note. Esslinger v. Spragins, supra; Maynor v. Dillin, 241 Ala. 362, 2 So.2d 440. See Spragins v. McCaleb, 237 Ala. 658, 188 So. 251. But as to a promissory note which is payable at a definite time in the future, the statute of limitations begins to run at the maturity of the instrument, not at its date. 54 C.J.S., Limitations of Actions, § 147, pp. 77, 78.

The note under date of August 3, 1938, according to its terms, was payable "six months after date," so that its payment, under the rules referred to above, was barred by the statute of limitations on February 3, 1945.

According to its terms, the note bearing date of January 26, 1938, was payable "one year or upon request after date * * *". If the language just quoted be construed as making the note payable on demand then, under the rules referred to above, the statute of limitations began to run on the date of its execution and delivery, to wit, January 26, 1938, and was barred after January 26, 1945. On the other hand, if the quoted language of the note bearing date of January 26, 1938, be construed to make the note payable one year after date, that is, on January 26, 1939, the statute of limitations barred its payment after January 26, 1945.

The appellant agrees with the conclusions just stated if it is conceded that the notes were payable at the time stated on their face. But appellant argues that the notes were not payable until the death of the maker.

As previously indicated, there is nothing on the face of either note to support such a contention. But appellant says that the notes should be read in connection with letters written by Miss Jackson when she transmitted the notes to the payees and that

568

when so read it is made to appear that Miss Jackson intended for the notes to be payable on her death.

■ It has been held by this court, in accord with what appears to be the general rule, that in certain instances notes and contemporaneous written agreements, such as mortgages, executed as part of the same transaction, are to be construed together as forming one contract. See Derzis v. Cox, 223 Ala. 517, 137 So. 306; Singer v. National Bond & Investment Co., 218 Ala. 375, 118 So. 561.

■ However, when the note and mortgage contain conflicting and irreconcilable provisions as to the character or terms of the debt, or the time for its payment, the note will govern as being the principal obligation. 10 C.J.S., Bills and Notes, § 45, p. 484; Pacific Fruit Exchange v. Duke, 103 Cal.App. 340, 284 P. 729; Conrad v. Scott, 86 Colo. 115, 278 P. 798; Hotel Management Co. v. Krickl, 117 Fla. 626, 158 So. 118.

No case has come to our attention wherein any court has held that expressions in a letter accompanying a note should be construed as a part of the note.

■■ But in any event, we are clear to the conclusion that the letters upon which appellant relies cannot operate to save her claim from the bar of the statute of limitations of six years.

The letter or note which appellant testified she received at the same time she received the note bearing date of August 3, 1938, contains no language whatsoever tending to show that the note was to be paid at any time later than expressed on the face of the note. On the contrary, it contains the following language: "I think you both are grand and you will never know how it has helped me and you will never be sorry and any time you call for it I will get out and make arrangements to get it if you need it before the time is up."

It is the following language from the letter which appellant says she received from Miss Jackson with the note of January 28, 1938, upon which appellant relies in the main:

"I was hoping you would get lots more then I would not have minded asking you. But know that when you are ready to use it I can give it back to you. It has helped me out more than I know how to tell you, and you and Marion were surely kind to do it. Don't worry about it for if I live I will pay it back and if I should die I have plenty of insurance to take care of my debts.

"I am enclosing a note payable to you and Marion, one year from now or on request. Keep this so if anything happens to me you will have proof and can collect out of the insurance payable to my estate."

A reading of the record in this case shows that appellant frequently befriended Miss Jackson and that the latter was greatly appreciative of appellant's kindness. There can be no doubt of the fact that the relationship of the parties was such that Miss Jackson would wish to have appellant's claim paid from the estate—the insurance to which she referred in her letter. But the letter cannot change the time of payment fixed in the notes.

We are of the opinion that the trial court could have correctly reached no conclusion than that the claim of Mrs. Brown is barred by the statute of limitations, although the result appears harsh.

The decree appealed from is affirmed.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.