Lillie KLINE and Sadie Whaley,
Plaintiffs-Respondents,

v.

Perrin D. McELROY, Administrator,
Appellant,

and

Arvid Owsley, Sheriff, Defendant.

No. 22460.

Kansas City Court of Appeals.
Missouri.

Dec. 3, 1956.

W. Raleigh Gough, Kansas City, for appellant.

Louis W. Krings, Kansas City, for respondents.

CAVE, Judge.

This is an appeal by Perrin D. McElroy, Administrator of the Estate of Henry Hough Atwood, from a judgment of the circuit court perpetually enjoining the foreclosure of a deed of trust securing a note for $1,000, executed by the plaintiffs (respondents) to the said deceased, and cancelling said note and deed of trust of record.

The judgment does not involve the title to real estate, as a mortgage is a mere lien on real estate. The amount involved is $1,000, and this court has jurisdiction. Sec. 3, Art. V, Const.V.A.M.S.

The record discloses that plaintiffs executed a note in favor of Henry Hough Atwood on July 29, 1944, in the sum of $1,000 payable 10 years after date, without interest, and secured by deed of trust on real estate at 706 East 29th Street in Kansas City.

The note and deed of trust were introduced in evidence but are not copied into the transcript or filed as exhibits. However, it is agreed that the note was in the usual form, reciting that it was given for valuable consideration and contained a promise to pay, and that the deed of trust contained provisions for foreclosure in case of default. It is also admitted that there was endorsed on the note at the time it was executed, the following: "In the event of my death before the makers of the note, I request and direct that this note and Deed of Trust be cancelled and released of record, otherwise to remain in full force and effect". This endorsement was signed by the deceased, Henry Hough Atwood, the payee. It was also copied into the body of the deed of trust.

Atwood died November 15, 1952, and Perrin D. McElroy was appointed administrator of his estate. A controversy arose as to the legal effect of the above quoted clause and McElroy directed the defendant, Arvid Owsley, the sheriff, to foreclose the deed of trust, the note having then become due, the named trustee having refused to act, and the sheriff being named as substitute trustee in the deed of trust.

Thereupon, this suit was filed and a temporary injunction was issued restraining foreclosure pending final decree. Among other things, the petition alleges that the above quoted endorsement on the note and incorporated in the deed of trust "is in fact a written contract" and, under the facts, renders the note and deed of trust void, and prays for a cancellation thereof and for a permanent injunction. Defendant McElroy's answer admits the endorsement on the note and deed of trust and admits that foreclosure will be had unless enjoined, but denies the other allegations of the petition.

After a trial, the court entered judgment finding that the endorsement on the note and in the deed of trust "constituted a contract" between Atwood, as the holder, and plaintiffs, as the makers of said note; that such note and deed of trust were to be cancelled and released of record in the event said Atwood died before the death of plaintiffs and before the maturity of the note, which condition the court found had occurred, and ordered that the temporary injunction be made permanent and that the note and deed of trust be and were cancelled.

Defendant McElroy, as administrator, alone appealed. He contends that the court erred in finding that the "endorsement" on the note and deed of trust constituted a valid "contract", because a contract must be supported by consideration, and that there was no consideration moving from plaintiffs to Atwood; that the endorsement should be construed to be an agreement to make a gift, testamentary in character, which is unenforceable because not executed with

the formality required of wills and not accompanied by full and final delivery of the subject matter of the attempted gift.

In addition to the note and deed of trust, there was oral testimony, without objection, to the effect that Mr. Atwood had lived with the plaintiffs as a roomer and boarder for more than 16 years prior to his death; that when Mrs. Kline, one of the plaintiffs, was negotiating to buy the property described in the deed of trust, she was required to make a down payment of $1,500 and needed to raise $1,000 of that amount; "Mr. Atwood told Mrs. Kline he would give her the $1,000 on the house, because he had always lived there and it would be a home for all of them, * * *"; this was the $1,000 represented by the note in dispute. Mr. Atwood continued to live with the plaintiffs until his death.

The question of whether a notation or memorandum placed on a note contemporaneously with the execution thereof is a part of the contract and is enforceable or is testamentary in character and void because it fails to meet the formal requirements of a will has caused considerable conflict in the decisions. Many of these cases are discussed and distinguished in In re Estate of Lewis (Barto v. Lewis) en banc, 2 Wash.2d 458, 98 P.2d 654, 127 A. L.R. 628. At page 635 of A.L.R. it is said: "The weight of authority is in favor of the validity of an agreement contemporaneous with a debt or legal obligation that such obligation shall be extinguished or terminated by the death of the creditor or obligee". Following this statement is a review of many cases from other states, but none from Missouri. In 7 Am.Jur., pages 816–818, Secs. 53 and 55, it is said "It is the general rule, well supported by authorities, that marginal notations or memoranda, placed on a bill or note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part of the contract, and must be construed with the body of the instrument to arrive at the true agreement existing between the parties". Sec. 55: "The most common purpose of marginal memoranda or writings has been to limit the obligation expressed in the body of the instrument. In accord with the rule above stated, memoranda and writings on the back of a bill or note having this purpose have been construed as a part of the contract". Of course, the wording of the endorsement, as well as the circumstances under which it is made, are different in the various cases, but generally the notation provides that the debt shall be cancelled at the death of the payee.

The only Missouri case cited, or which we have found discussing this question is, Dillard v. Thomas, 241 Mo.App. 773, 270 S.W.2d 548. The promissory note in that case was in the usual form, with this proviso written thereon and signed by the payee: "Except, however, if the said F. M. Dillard (payee) dies * * * before the above has been paid then any part that was not due at the time of his death shall be cancelled in full, but any amount that was due before his death shall be due and payable to his Estate, * * *". The court said, 270 S.W.2d 552: "We hold that the instrument sued on was a valid and binding contract; that the obligations of the defendants under said written instrument were terminated at the death of F. M. Dillard, payee therein". The court also held that the endorsement should not be construed as an ineffectual attempt to make a gift inter vivos.

In the recent case of In re Smith's Estate (Fischer v. Fischer) 244 Iowa 866, 58 N.W.2d 378, 379, the Supreme Court of Iowa discussed the effect of an endorsement on a note almost identical with the one in the present case. That endorsement read: " 'If payee departs this life before this note is paid same is hereby fully cancelled and executor instructed to deliver same to payor' ". The endorsement had not been signed by the payee, but the evidence showed it was entered contemporaneously with the writing of the note and was thereon when

the maker signed it. The court held that the notation was a part of the note and applied the generally recognized rule that "marginal notations placed on a note at the time of the execution thereof with the intention of making them a part of the contract must be construed with the body of the instrument to arrive at the true agreement existing between the parties". Citing many authorities. The court further said the statutory presumption of consideration would apply to all portions of the instrument and there is no requirement of separate consideration for its different parts; citing Sec. 541.24, Iowa Statutes, I.C.A., being the same as our Section 401.024 RSMo 1949, V.A.M.S., which provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value". Thus, if the endorsement under consideration is a part of the note, or contract, the presumption of consideration would be applicable to it as well as all other parts thereof. Under such circumstances the burden would be on the defendants to prove failure or lack of consideration, and they offered no evidence whatever. Smith v. Ohio Millers' Mutual Fire Ins. Co., 330 Mo. 236, 49 S.W.2d 42; Middleton v. Holecroft, Mo.App., 270 S.W.2d 90, 94.

The defendants would have the court detach the "endorsement" from the note and consider it as a separate and independent writing. This would violate the above general principles of law. The "endorsement" was made and signed contemporaneously with the execution of the note; is a part of it; and must be construed as such. Section 401.119 RSMo 1949, V.A.M.S., provides, "A negotiable instrument is discharged: * * * (4) By any other act which will discharge a simple contract for the payment of money; * * *". We think the "endorsement" on the note comes within the provisions of this section.

It is our conclusion that the note, together with the above quoted "endorsement" constitutes the contract for the payment of the $1,000; and that the condition under which the note was to be cancelled and the deed of trust released of record having occurred, the trial court was correct in ordering the cancellation and release of such instruments and enjoining the foreclosure thereof.

The cases cited by the defendants in support of their contention that the "endorsement" is void because it is an attempt to make a gift inter vivos or is testamentary in character, are not controlling because we hold that the "endorsement" is a part of the contract between the parties and the $1,000 is payable only according to the contract. We recognize that the courts are not in harmony on this question, but we believe the general rules announced above are correct. Certainly it carries out the clear intent of the parties in this case, as evidenced by the writing.

The judgment is affirmed.

BROADDUS, J., not participating.