130 So.2d 49

**Charles L. FALLON and Adelaide L. Fallon**

**v.**

**Elizabeth Logan HACKNEY.**

**6 Div. 656.**

Court of Appeals of Alabama.

Oct. 13, 1959.

Rehearing Denied Nov. 24, 1959.

Affirmed on Mandate May 9, 1961.

Norman E. Moon, McDonald & Moon, Birmingham, for appellants.

Burr, McKamy, Moore & Thomas and M. L. Taliaferro, Birmingham, for appellee.

PRICE, Judge.

This action was brought by plaintiffs against defendant, as the assignee of a mortgage, to recover the penalty provided by Section 179 of Title 47, Code 1940, for failure to enter the fact of satisfaction on the mortgage record.

The cause was first tried in the Intermediate Civil Court of Birmingham, on a stipulation as to the facts. On appeal to the circuit court the agreed statement of facts was refiled, and was amended to include additional payments made by plaintiffs to the mortgagee, which payments were omitted from the stipulation through error.

The agreed statement of facts is as follows:

"Come the parties in the above styled cause, and by stipulation agree that the following statements would constitute material facts if offered in evidence necessary to a decision of this cause, and further agree that this stipulation may be considered as evidence in the trial of this case in the Intermediate Civil Court:

"Plaintiffs obtained title to lot 151, Block 12, according to the survey of Powell's Addition to Birmingham, called Cleveland, as recorded in Map Book 1, Page 19 in the office of the Judge of Probate of Jefferson County, Alabama, by the deed attached hereto and marked "Exhibit A", and in connection with said transaction executed a purchase money mortgage & note to Jessie Adeline Warner, a copy of which is attached hereto and marked "Exhibit B", both made a part of this stipulation.

"The parties agree that the evidence of the plaintiffs would reveal that the following payments were made:

| Date | First National Bank of Birmingham Check No. | Amount |
|---|---|---|
| 4–1–54 | 80 | $35.00 |
| 5–1–54 | 83 | 35.00 |
| 6–7–54 | 84 | 35.00 |
| 7–1–54 | — | 35.00 |
| 8–1–54 | 86 | 35.00 |
| 9–1–54 | 87 | 35.00 |
| 10–1–54 | 87 | 35.00 |
| 11–1–54 | 93 | 25.00 |
| 12–1–54 | 96 | 35.00 |
| 1–3–55 | 98 | 35.00 |
| 2–1–55 | 99 | 35.00 |
| 3–5–55 | 101 | 35.00 |
| 4–1–55 | 102 | 35.00 |
| 5–2–55 | 3 | 35.00 |
| 6– 55 | 4 | 35.00 |
| 7–2–55 | 5 | 35.00 |
| 8–1–55 | 6 | 35.00 |
| 8–31–55 | 4 | 35.00 |
| 10–1–55 | 3 | 35.00 |
| 11–2–55 | 3 | 35.00 |
| 12–1–55 | 4 | 35.00 |
| 1–2–56 | 1 | 35.00 |
| 2–6–56 | 2 | 35.00 |
| 3–3–56 | 3 | 35.00 |
| 4–2–56 | – | 35.00 |
| 5–1–56 | – | 35.00 |
| 6–2–56 | – | 35.00 |
| 7–2–56 | – | 35.00 |
| 8–1–56 | 2 | 35.00 |
| 9–1–56 | 3 | 35.00 |

"Receipt dated March 8, 1954     10.00

All of said payments were made to Jessie Adeline Warner personally.

"On the 5th day of September, 1956, the mortgage described in Exhibit A, and the note securing the same were transferred and assigned by the mortgagee to the defendant, Elizabeth Logan Hackney, a copy of which transfer is attached hereto and marked for identification "Exhibit C", and made a part of this stipulation.

"On September 12, 1956, the original mortgagee died, as evidenced by death certificate attached hereto and marked "Ex-

hibit D" and made a part of this stipulation. The defendant knew of said death on the date thereof.

"Said mortgage was recorded in the Office of the Judge of Probate of Jefferson County, Alabama in Volume 5132 at page 34 on the 17th day of February, 1954, and the plaintiffs served the notice marked "Exhibit E" on the defendant Elizabeth Logan Hackney on October 17, 1956, which notice is made a part of this stipulation.

"The defendant Elizabeth Logan Hackney never received any payments under this mortgage and failed to satisfy said mortgage in accordance with the demand attached hereto."

The amendment to the stipulation shows the following payments:

"June  9, 1954     Ck.  #85   1st National Bank of B'ham. —$50.00
Sept. 9, 1954     Ck.  #88   1st National Bank of B'ham. — 50.00
Oct. 11, 1954     Ck.  #92   1st National Bank of B'ham. —350.00"

---

The note was executed on February 16, 1954, in the sum of $3,450. $450 of said amount was due on May 1, 1954, and the balance was payable in monthly installments of $35, on the 1st day of each month, commencing April 1, 1954, until paid in full, "or until the death of, payee, whichever first occurs."

The mortgage recites: "It is understood and agreed between mortgagors and mortgagee that should mortgagee die before the monthly installments reducing the principal amount of the $3,000.00 are paid in full, then said monthly payments shall cease, but in no event shall the death of mortgagee abate any part of the amount of $450.00 which may be due and owing at the time of her death."

The exact question here presented does not seem to have been previously determined by our courts. At page 635 of 127 A.L.R. it is said: "The weight of authority is in favor of the validity of an agreement contemporaneous with a debt or legal obligation that such obligation shall be extinguished or terminated by the death of the creditor or obligee." Many cases are reviewed in the annotation. See, also, Jackson v. Parker, 153 Fla. 622, 15 So.2d 451; Kline v. McElroy, Mo.App., 296 S.W. 2d 664.

The payment of the $450 is shown by the stipulation and it is our conclusion that on the occurrence of the condition under which monthly payments were to cease, i. e., the death of the mortgagee, the obligation of the plaintiffs under the note and mortgage was "fully paid and satisfied" and they were entitled to have the fact of satisfaction entered on the record as provided by Section 178, Title 47, Code 1940.

Appellee urges in brief that the recitals of the mortgage contained no option on the part of the mortgagee as to waiver of condition as to maturity of the debt, and the facts show the debt has not been fully paid, since interest was due on the delayed payments of the $450, as well as on several of the monthly installments not paid promptly at maturity. The mortgage provisions are: "Upon condition, however, that if we pay said note to the said Jessie Adeline Warner or her heirs or assigns, with interest this deed to be void; but if we fail to pay said undebtedness in whole or in part at maturity, then the entire indebtedness hereby secured shall become due and payable."

We cannot agree with appellee's contention. The note provides for interest on the unpaid portion at the rate of six percent after maturity, and further recites: "Said installments shall be applied first to interest on the unpaid balance of principal, and the balance to principal. This note is se-

cured by mortgage on real estate, executed to the payee herein. In the event of default under the terms of said mortgage, or in the event any installment shall remain unpaid for as much as ten days after the same becomes due, the holder hereof shall have the right and option to declare the entire indebtedness secured hereby to be at once due and payable."

The note is the principal obligation, and its provisions will prevail over the mortgage, in the event of irreconcilable conflict. Brown v. First National Bank of Montgomery, 261 Ala. 565, 75 So.2d 141.

That the mortgagee did not elect to declare the entire indebtedness to be at once due and payable after failure for ten days to pay any installment, is evidenced by the fact that she continued to accept the monthly installments as tendered by the mortgagors until the month in which her death occurred.

We are of the opinion that, if first applied to interest and then to principal as directed by the note, the payments by mortgagors were more than sufficient to cover any accrued interest. Any amount remaining due on the principal, after payment of interest, was cancelled by Mrs. Warner's death.

The statute requires that the transferee or assignee of the mortgage who has received payment or satisfaction enter the fact of payment or satisfaction on the record. As we have said hereinabove, the mortgage was satisfied upon the death of Mrs. Warner. We find no merit in appellee's insistence that she was under no duty to mark the mortgage satisfied of record, since she received no payment under the mortgage.

The judgment below must be reversed. The case having been tried without the intervention of a jury on an agreed statement of facts, judgment is rendered in favor of appellants, plaintiffs below. Life & Casualty Insurance Company of

Tennessee v. King, 37 Ala.App. 435, 71 So.2d 121.

Reversed and rendered.

PER CURIAM.

Affirmed on authority of Fallon v. Hackney, 271 Ala. 17, 130 So.2d 52.