JONES, Justice.
Leila Elizabeth Ann Cooper appeals from an adverse judgment on her complaint for declaratory judgment filed June 15, 1984, against Ruthie Mae Hardy Stringfellow, as executrix of the estate of Donald Rufus Stringfellow, and on her amended complaint filed December 2, 1985, against West-Aire, Inc., on a demand note.
In essence, the court denied relief against the defendants, holding as follows: 1) that Cooper’s request for Ruthie String-fellow to endorse a stock certificate transferred to Cooper by Donald Stringfellow more than four years before his death on May 14, 1984, was barred by the doctrine of laches; and 2) that Cooper’s amended complaint against West-Aire, Inc., for $35,-000 as damages based on a demand note secured by the stock certificate, was barred by the applicable statute of limitations. Because the trial court made separate findings of fact and conclusions of law with respect to the separate claims against each defendant, we set out, in pertinent part, the trial court’s judgment:
“1. Plaintiff requests a declaratory judgment in the complaint she filed against Ruthie Mae Hardy Stringfellow on June 15, 1984 and she seeks an endorsement to a stock certificate for 998 shares of stock in West-Aire, Inc. She claims that prior to his death, Donald Rufus Stringfellow transferred the stock he owned in the corporation to her in satisfaction of a debt owed to her by the corporation and that the stock certificate was delivered to her on April 30, 1980. Donald Rufus Stringfellow died on May 14, 1984 and thereafter, his wife, Ruthie Mae Hardy Stringfellow, was appointed Executrix of his estate.
“Defendant, Ruthie Mae Hardy String-fellow, raised the defenses of accord and satisfaction, statute of limitations, laches and lack of delivery of the stock certificate and the Court being of the opinion that the plaintiff is guilty of laches, the other defenses raised by said defendant are not addressed.
“The Court finds from the evidence that the plaintiff made no effort to secure the endorsement of the stock certificate until after the death of Donald Rufus Stringfellow despite the fact that she knew that the endorsement was missing. Plaintiff testified that she knew there was a place on the stock certificate for the endorsement and that she made no demand for its endorsement until Donald Rufus Stringfellow was deceased. Also, the plaintiff did not file this action until after she was unable to have herself appointed Executrix of the Estate of Donald Rufus Stringfellow under a will made prior to the will appointing Ruthie Mae Hardy Stringfellow as Executrix.
“Further, after the time plaintiff took possession of the stock certificate, she exercised no control over the affairs of the corporation, paid no corporate taxes, held no corporate meetings, paid no corporate debts and exercised none of the rights one would associate with ownership of a majority of the stock in a corporation.
“During the years that elapsed after plaintiff took possession of the stock certificate, defendant, Ruthie Mae Hardy Stringfellow, expended large sums of money from her personal funds on behalf of the corporation.
“Due to the plaintiff’s unreasonable delay in asserting her claim for an endorsement to the stock, coupled with her knowledge of the need for an endorsement thereon, and considering the fact that plaintiff did not assert her request for relief until after the death of the one person who could explain the transaction, the Court finds that the plaintiff’s request for an endorsement to the stock certificate for 998 shares of stock of West-Aire, Inc., is barred under the doctrine of laches.
“2. Defendant, Ruthie Mae Hardy Stringfellow, having filed a counterclaim wherein she claimed possession of the stock certificate for 998 shares of stock of West-Aire, Inc., from the plaintiff, together with all corporate property of West-Aire, Inc., the Court finds that said defendant is entitled to the possession of the stock certificate and all corporate *942 property as Executrix of the Estate of Donald Rufus Stringfellow, deceased.
“3. Plaintiff filed an amended complaint on December 2, 1985, which added West-Aire, Inc., as a defendant in which she claimed $35,000.00 in damages against the corporation based on the promissory note signed by Donald Rufus Stringfellow on July 15, 1974. To the amended complaint, defendant, West-Aire, Inc., raised the defenses of accord and satisfaction, laches, collateral estop-pel and statute of limitations.
“The Court finds that the plaintiff has taken inconsistent legal positions in that she initially claimed that the corporate stock was transferred to her in April 1980 in full satisfaction of the debt she claimed the corporation owed her.
“The Court further finds that the note being a demand instrument dated July 15,1974, and more than ten years having elapsed before suit was brought against the maker, West-Aire, Inc., the plaintiffs claim for damages against West-Aire, Inc., is barred by the applicable statute of limitations.
“The claim being barred under the statute of limitations, the Court finds it unnecessary to consider the other defenses asserted by defendant, West-Aire, Inc.”
Our review of the record discloses ample evidence to support the trial court’s findings of fact, and we find no error in the trial court’s application of the law to its findings. Therefore, we affirm, on the authority of Roberts v. Peoples Bank & Trust Co., 410 So.2d 393 (Ala.1982); Delaney’s Inc. v. Pritchard, 480 So.2d 1204 (Ala.1985); Brown v. The First National Bank of Montgomery, 261 Ala. 565, 75 So.2d 141 (1954); and Ala.Code 1975, §§ 6-2-34 and 7-3-122.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.