Alvin H. HOFFMAN and Fay Hoffman, Plaintiffs,

v.

A. B. CHANCE CO., Third-Party Plaintiff and Defendant

and

MINNESOTA AUTOMOTIVE, INC., Defendant,

v.

BOROUGH OF MIFFLINBURG and Mifflinburg Power and Light Company, Third-Party Defendants.

Civ. A. No. 71–137.

United States District Court, M. D. Pennsylvania.

March 21, 1972.

See also, D.C., 53 F.R.D. 239.

Allen E. Ertel, Williamsport, Pa., for plaintiffs.

Arthur Silverblatt, Wilkes-Barre, Pa., for third-party plaintiff and defendant A. B. Chance Co.

Greevy, Knittle & Mitchell, Williamsport, Pa., for defendant Minnesota Automotive, Inc.

H. Clay McCormick, Williamsport, Pa., for third-party defendants Borough of Mifflinburg and Mifflinburg Power and Light Co.

## OPINION

MUIR, District Judge.

Before the Court are two motions of Defendant A. B. Chance Co.: (1) a motion to dismiss the fourth count of the claim of each of the plaintiffs, and (2) a motion to dismiss the fifth count of the claim of each of the plaintiffs.

According to the original and amended complaints, this action stems from extremely serious personal injuries suffered by Plaintiff Alvin Hoffman, an employee of the Borough of Mifflinburg, Pennsylvania, when he was thrown from an hydraulic aerial platform installed on a 1965 Ford truck purchased by the Borough to facilitate work on overhead electrical lines. The complaint alleges that on October 18, 1969, while Hoffman was standing on the aerial platform, the truck's Mico Brake Lock device, manufactured by Defendant Minnesota Automotive, Inc. and installed by Defendant A. B. Chance Co., malfunctioned, permitting the truck to roll forward. The truck struck a tree, and the force of the impact catapulted Plaintiff to the ground.

I. *Motion to Dismiss Count Four:*

The fourth count of the claim of each of Plaintiffs sets forth breach of implied warranty as a theory of liability.[1]

---

1. "(27) Defendants impliedly warranted that said Mico Brake Lock device was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which it is designed and used. In reliance upon said implied warranty of merchantability, the aforesaid Mico Brake Lock device was purchased from Defendant A. B. Chance Co., through its division Pitman Manufacturing Company by the Mifflin-

The complaint alleges that A. B. Chance Co. delivered the Ford truck equipped with the Mico Brake Lock to the Borough of Mifflinburg on May 26, 1965, and that Hoffman suffered his injuries on October 18, 1969, nearly four years and five months after the date of delivery to his employer. The original complaint was filed March 30, 1971.

The motion pursuant to F.R.Civ.P. 12(b) (6) to dismiss this count for failure to state a claim upon which relief can be granted is predicated on two grounds: (1) the expiration of the applicable statute of limitations, and (2) the Plaintiffs' lack of privity. It will only be necessary to deal with the first ground.

It is undisputed that the applicable law is the law of Pennsylvania. The Pennsylvania statute of limitations governing personal injury actions based upon breach of warranty is the Act of April 6, 1953, P.L. 3, § 2–725, 12A P.S. § 2–725, which provides that an action for breach of any contract for sale must be commenced "within four years after the cause of action has accrued." Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 420, 197 A.2d 612 (1964); Rufo v. Bastian-Blessing Company, 417 Pa. 107, 113, 207 A.2d 823 (1965); Bobo v. Page Engineering Company, 285 F.Supp. 664, 666 (W.D.Pa.1967), aff'd, 395 F.2d 991 (3d Cir. 1968). Section 2–725(2) provides:

"A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

burg Power and Light Company, a/k/a the Borough of Mifflinburg.

"(28) The aforesaid Mico Brake Lock device was not of merchantable quality,

The four year period is, therefore, calculated from the date of the breach of warranty, and not from the date of the accident giving rise to the injuries. Rufo v. Bastian-Blessing Co., supra. With an exception for warranties which explicitly extend to future performance of the goods, a breach of warranty occurs at the time of tender of delivery. In the instant case, the complaint alleges a breach of warranty at the time of delivery, and no argument is made by Plaintiffs that this case falls within the exception in § 2–725(2). The complaint alleges in ¶ 6 that delivery was made on or about May 26, 1965. Therefore, the statute of limitations ran on May 26, 1969. The complaint was not filed until March 30, 1971, five years and ten months after delivery. The cause of action based upon breach of implied warranty is barred by the statute, and for this reason the Defendant's motion to dismiss Count Four of the claim of each Plaintiff will be granted.

II. *Motion to Dismiss Count Five:*

Count Five of each of the Plaintiffs' claims, as set forth in their Amended Complaint, avers as follows:

[Paragraphs 1–21 of the complaint are incorporated by reference]

"7. Defendant A. B. Chance Co., through advertising, represented that their product offered unprecedented safety.

"8. Third-Party Defendant relied upon the representation in making the purchase from Defendant A. B. Chance Co., and as a result thereof, the damages hereinbefore set forth were caused to the Plaintiff.

"Wherefore, Plaintiff, [Alvin Hoffman, Fay Hoffman] demands judgment against Defendant A. B. Chance Co., in an amount in excess of ten thousand ($10,000) dollars."

and was unfit, and unsafe for the purpose for which it was intended."

Defendant A. B. Chance has moved to dismiss both counts for failure to state a claim upon which relief can be granted. The Plaintiffs contend that a cause of action is stated under § 402B, Restatement of Torts, 2d, and that § 402B is a part of Pennsylvania law. Defendant A. B. Chance Co. contends to the contrary. No case has been cited nor has the Court found any case in which any Pennsylvania court has faced the question whether § 402B is the law of Pennsylvania.

█ It is unnecessary, however, to decide whether § 402B is part of the law of Pennsylvania. Assuming *arguendo*, without deciding, that § 402B is Pennsylvania law, the Plaintiffs have failed to plead the requisite elements of a claim under § 402B.

Section 402B provides as follows:

"One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though (a) it is not made fraudulantly or negligently, and (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller."

Comment g of § 402B qualifies its scope under the heading "Material fact":

"It does not apply to statements of opinion, and in particular it does not apply to the kind of loose general praise of wares sold which, on the part of the seller, is considered to be 'sales talk,' and is commonly called 'puffing'—as, for example, a statement that an automobile is the best on the market for the price. * * *"

The alleged misrepresentation upon which the Plaintiffs' fifth counts are predicated was the statement by Defendant A. B. Chance Co. that "their product offered unprecedented safety."[2] The general representation that a product "offered unprecedented safety" is a statement of opinion and is in the nature of seller's "puffing." According to Comment g, such statements cannot serve as the basis for a cause of action under § 402B.

For this reason, the motion to dismiss the fifth count of each Plaintiff's claim will be granted.

---

2. Amended complaint, Count Five of each plaintiff's claim, ¶ 7.