Mitchell Craig **BURLESON**, a minor, by and through **Theo Burleson**, as his Next Friend, Plaintiff-Appellant,

v.

**MEAD JOHNSON & COMPANY,**
Defendant-Appellee.

No. 72-1231.

United States Court of Appeals,
Fifth Circuit.

June 30, 1972.

Rehearing Denied July 28, 1972.

See also D.C., 331 F.Supp. 710.

Phil Burleson, Dallas, Tex., for plaintiff-appellant.

Mark Martin, Wilson W. Herndon, Patrick F. McGowan, Dallas Tex., Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., of counsel, for defendant-appellee.

Before DYER, Circuit Judge, SKELTON, Judge *, and INGRAHAM, Circuit Judge.

PER CURIAM:

Mitchell Craig Burleson was born without arms or legs, a deformity medically known as phocomelia. His complaint alleged that his condition was directly and proximately caused by a prescriptive drug known as Oracon, an oral contraceptive manufactured by Mead Johnson. The drug was prescribed for Mrs. Burleson by her gynecologist for the regulation of her menstrual cycle. She took it over a six week period, during which time she apparently became pregnant with the plaintiff. Summary judgment was entered for Mead Johnson. We affirm.

Suit was filed on October 28, 1969. Mead Johnson moved for summary judgment on July 2, 1970, supported by an abundance of discovery depositions in which there was a unanimity of opinion of expert medical witnesses that within a reasonable medical probability Oracon could not have been a cause of Michael Burleson's phocomelia.

On February 25, 1971, the motion for summary judgment was argued. The court deferred ruling on the motion, however, until December 2, 1971, in order to allow Burleson more time for discovery. Burleson did nothing further. He produced no facts, nor were there inferences that could be drawn from established facts, that could possibly controvert Mead Johnson's showing of a lack of causal relationship between Oracon and the deformity. The unequivocal uncontroverted evidence of Mrs. Burleson's obstetrician, gynecologist, and attending pediatrician, together with the other evidence, ruled out Oracon as a cause of the birth defects suffered by the plaintiff.

We have carefully reviewed the pleadings, depositions, admissions, answers to interrogatories, and affidavits. Considered in the light most favorable to the plaintiff, we are convinced, as was the district court, that there is no genuine issue of fact for trial, and that the defendant was entitled to judgment as a matter of law. Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. *See* First National Bank of Arizona v. Cities Service Co., 1968, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569; Smith, et ux v. Allstate Insurance Co., 5 Cir. 1972, 467 F.2d 104.[1]

Affirmed.

---

* Hon. Byron G. Skelton, U.S. Court of Claims, sitting by designation.

1. We did not grant leave to appellant to file a supplemental brief. We have nevertheless considered it and find the collateral attack on a statement in appellee's brief, admittedly perhaps unknowingly made by appellee, wholly unpersuasive. We decline to consider the doctor's affidavit attached to the supplemental brief because it is not a part of the record on appeal.