Frederick **MORTON** et al., **Plaintiffs,**

v.

**TEXAS WELDING AND MANUFAC-
TURING CO. et al., Defendants.**

**Civ. A. No. 71–H–615.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 13, 1976.

Sidney L. Ravkind, Mandell & Wright, Houston, Tex., for plaintiffs.

Vincent W. Rehmet, Houston, Tex., Massey Tillman, Fort Worth, Tex., for defendants.

*Memorandum and Order*

SINGLETON, District Judge.

Both parties having submitted memoranda supporting their respective positions, this court has considered defendant Pat and Chuck Supply Co.'s motion to dismiss the above-styled-and-numbered cause on the grounds that it is barred by the statute of limitations. Such motion is hereby granted in part and denied in part.

Plaintiffs' cause of action is based partly in tort and partly in contract. Defendant sold a propane truck to the National Propane Company on April 21, 1969, who subsequently delivered the truck to Carib Gas, its subsidiary. Plaintiffs, employees of Carib Gas, were severely injured when the truck exploded

on June 19, 1969. Plaintiffs complain of negligence by the defendant in the manufacture of the truck and a breach by the defendant of express and implied warranties. This action was instituted on June 8, 1971. Defendant Pat & Chuck Supply Co. was made a party with the filing of the First Amended Complaint on April 16, 1973. This defendant was served on April 27, 1973.

## I.

■■■ Defendant falsely assumes in his memorandum that the Virgin Islands statute of limitations is applicable here. It is clear that a federal court sitting in Texas is required to apply Texas conflict of laws rules. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Day and Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Under Texas conflicts rules a statute of limitations is classified as "procedural," thus warranting the application of *lex fori*, the appropriate Texas statute of limitation. *Home Insurance Co. v. Dick*, 15 S.W.2d 1028 (Tex.Comm.App.1929), *rev'd on other grounds*, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930). If a plaintiff's recovery would be barred in state court, it should likewise be barred in federal court in an action based on diversity of citizenship. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

## II.

■■ To the extent that this action complains of a tort, it is clearly barred by the statute of limitations. Personal injury actions based on negligence must be brought within two years of the date of injury. Vernon's Tex.Rev.Civ.Stat. Ann., art. 5526. Plaintiffs' claim was filed too late to complain of any negligence by defendants.

## III.

A more difficult question is presented by plaintiffs' claim of a breach of implied warranties.

This court is well aware of the long line of Texas cases holding that an action for personal injury based on an implied warranty should be treated as a tort action for purposes of applying the appropriate statute of limitations. *See, e. g., Fort Smith v. Fairbanks*, 101 Tex. 24, 102 S.W. 908 (1907); *Kirwan v. Alamo Iron Works*, 155 S.W. 986 (Tex.Civ. App.—San Antonio 1913, no writ); *Bishop-Babcock-Becker Co. of Texas v. Jennings*, 245 S.W. 104 (Tex.Civ.App.—Austin 1922, no writ). More recently such a view was reaffirmed in *Richker v. United Gas Corporation*, 436 S.W.2d 215 (Tex. Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.), and in *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

In each of these cases, however, the Texas courts were only faced with deciding between the two-year period for tort actions[1] and the four-year period for contract actions.[2] No Texas case has considered the impact of the enactment of the Uniform Commercial Code which contains its own four-year limitation period, Tex.Bus. & Comm.Code Ann. § 2.725(a).[3] Only the *Richker* and *Metal Structures* decisions were decided after the effective date of the Code in Texas.

---

1. Tex.Rev.Civ.Stat.Ann. art. 5526 provides in pertinent part:
   There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
   . . . 6. Action for injury done to the person of another.

2. Tex.Rev.Civ.Stat.Ann. art. 5529 provides:
   Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

3. Tex.Bus. & Comm.Code Ann. § 2.725 provides in pertinent part:
   (a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.
   . . .

However, since the cause of action in each of those cases arose before July 1, 1966, the Code's impact was mentioned but not considered. *See Metal Structures, supra* at 98, n. 2.

While other federal courts in Texas have been presented with classifying a breach of implied warranty for statute of limitations purposes, in both *Burleson v. Mead Johnson & Company*, 331 F.Supp. 710 (N.D.Tex.1971), *aff'd*, 463 F.2d 180 (5th Cir. 1972), and in *Thrift v. Tenneco Chemicals, Inc., Heyden Division*, 381 F.Supp. 543 (N.D.Tex.1974), the court considered causes of action which arose prior to the Code's effective date and "express[ed] no opinion as to the present effect of the Uniform Commercial Code on state statutes of limitations." *Burleson* at 712. Instead, relying on Texas law, the tort period of art. 5526 was applied over the contract period of art. 5529.

This court is, therefore, presented with an issue of first impression in Texas: whether a personal injury action for a breach of implied warranty is governed by the statute of limitations for torts or that period presented by the Uniform Commercial Code—that is, should section 2.725 of the Code be treated any different than art. 5529?

█ In such a case, when this court is bound to apply Texas law, and there is no clear authority from Texas courts, this court must determine the law as a Texas court would determine it guided by reason and sound judicial analysis. *Farmers & Bankers Life Ins. Co. v. St. Regis Paper Co.*, 456 F.2d 347 (5th Cir. 1972).

The only time Texas courts have addressed section 2.725 have been in connection with actions on open or sworn accounts. Prior to the enactment of the Code in Texas, a sworn account action was subject to art. 5526, the same limitations statute governing tort actions. In *Ideal Builders Hardware Co. v. Cross Construction Co., Inc.*, 491 S.W.2d 228 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ), the court found the four-year

period of section 2.725 to apply emphasizing the intent of the Code to introduce a uniform statute of limitations for sales contracts. *See also Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd); *Big D Service Co., Inc. v. Climatrol Industries, Inc.*, 514 S.W.2d 148 (Tex.Civ.App.—Texarkana 1974, writ ref'd). These cases indicate a willingness of Texas courts to abandon old classifications in favor of the Code. They are not dispositive of the issue here, however, since a sworn account action, unlike an implied warranty action, is not a tort-contract hybrid.

This court is also impressed by the general purpose of the Code as a reason for treating its statute of limitations differently from the old contract limitations period, thus giving it priority over the period governing tort actions. The injury complained of herein arose out of a commercial transaction that forms the basis of the relationship between the parties. The Code was designed to apply to all aspects and ramifications of a commercial transaction, whether in the nature of a contract, tort or other legal classification. Tex.Bus. & Comm.Code Ann. § 1.102 emphasizes this liberal construction of the Code's provisions in order to simplify, clarify, and make uniform the law governing commercial transaction. Specifically, section 2.725 was designed to eliminate the "jurisdictional variations" in statutes of limitations affecting nationwide business concerns. *See* Official Comment, Tex.Bus. & Comm.Code Ann. § 2.725.

An analysis of the law in other jurisdictions is also helpful. Prior to the enactment of the Uniform Commercial Code, the majority (and Texas) view was to treat an action for damages sought for personal injury resulting from a breach of an implied warranty as a tort action for purposes of the statute of limitations. Annotation, 37 A.L.R.2d 703 (1954). The popular view, however, tends to treat such an action as falling under the four-year period of the Uniform Commercial Code, where that stat-

ute has been enacted. *See, e. g., Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612 (1964); *Layman v. Keller Ladders, Inc.,* 455 S.W.2d 594, 7 UCC Rep. 1200 (Tenn.1970); *Sinka v. Northern Commercial Co.,* 9 UCC Rep. 1350 (Alaska 1971); *Redfield v. Mead, Johnson & Co.,* 266 Or. 273, 512 P.2d 776 (1973). *Contra, Heavner v. Uniroyal, Inc.,* 118 N.J.Super. 116, 286 A.2d 718 (1972). Pennsylvania, for example, specifically reversed its stand on the classification of such an action with the Code's enactment. *Compare Jones v. Boggs & Buhl, Inc.,* 355 Pa. 242, 49 A.2d 379 (1946) with *Gardiner, supra.*

The reasons for treating the Code's statute of limitations differently from art. 5529 period for a contract action vary among the states, but it is clear that, unlike art. 5529,[4] the UCC's provision was not meant to be a residual one. The introductory language of the statutes suggests this difference.

Furthermore, unlike art. 5529, the Code's comprehensive package contemplates recovery of damages for personal injury where there has been a breach of an implied warranty. Under section 2.714(c), the buyer's damages for a breach of warranty may include "in a proper case any incidental and consequential damages under the next section." Section 2.715 provides in pertinent part:

> . . . (b) Consequential damages resulting from the seller's breach include . . .
>
> (2) injury to person or property proximately resulting from any breach of warranty.

■ Once determining to apply section 2.725, it is necessary to determine when the cause of action arose. Under the Code, a breach of warranty occurs at the time of tender of the goods, except for warranties which explicitly extend to the future performance of the goods. Date of sale herein being April 21, 1969, and suit being filed against Pat & Chuck Supply Co. on April 16, 1973, the implied warranty claim is barely within the four-year period prescribed by section 2.725. More important for this defendant, however, since it did not receive any notice of the action until the service of plaintiffs' First Amended Complaint on April 27, 1973,[5] is that a cause of action in Texas begins to run in such a warranty action when the buyer discovers, or in the exercise of ordinary care should discover, the injury. *Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc.,* 351 S.W.2d 119 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.); *Metal Structures Corp. v. Plains Textiles, Inc., supra.* This court believes the policy of these cases to be sound and is unchanged by the enactment of the Code. The running of a statute of limitations assumes that during that period an injured party could have brought suit. Therefore, the period begins to run from the date of injury where the claim is for the damages resulting from personal injury.

The date of injury herein being June 19, 1969, the implied warranty claim is not barred.

### IV.

■ Finally, plaintiffs' have claimed a breach of express warranties and, as a result, seek damages for personal injury. Since sections 2.714(c) and 2.715 also apply to a breach of express warranties, the appropriate statute of limitations is section 2.725 for the reasons discussed above and the claim is not barred.

With regard to express warranties, the UCC does not change the result as it did for implied warranties. The old Texas cases which treated personal injury claims for breach of warranties as tort actions for purpose of the statute of lim-

---

4. *See Burleson v. Mead Johnson & Company,* 331 F.Supp. 710, 711–12 (N.D.Tex.1971), *aff'd,* 463 F.2d 180 (5th Cir. 1972).

5. This court implicitly finds, therefore, that *Continental Southern Lines, Inc. v. Hillard,* 528 S.W.2d 828 (Tex.1975), is inapplicable to this case since there is no connection whatsoever between this defendant and those defendants served with the Original Complaint.

**12**

itations all refer to implied warranties.[6] By its very nature, an express warranty is written as part of a sale contract and thus warrants a four-year limitation period under art. 5529, if not under section 2.725.

Accordingly, it is hereby ordered, adjudged and decreed that the above-styled-and-numbered cause proceed only in contract based on an alleged breach of warranties; and

It is further hereby ordered, adjudged and decreed that all allegations of plaintiffs' First Amended Complaint which premise liability in tort, based on the alleged negligence of defendant, be and the same hereby are stricken.

---

**6.** In this regard the language of the court in *Thrift*, 381 F.Supp. at 544, is an overbroad statement of the law when it refers to "breach of warranties."