Thomas SIMMONS, Plaintiff,

v.

AMERICAN MUTUAL LIABILITY IN-
SURANCE CO. et al., Defendants.

Civ. A. No. 75–19–T.

United States District Court,
S. D. Alabama, S. D.

Oct. 16, 1976.

Jonathan P. Gardberg, Mobile, Ala., for plaintiff.

W. Boyd Reeves, and Norman E. Waldrop, Jr., Mobile, Ala., for American Mutual Liability Ins. Co. and Am. Mut. Liab. Ins. Co. of Boston.

Sidney H. Schell, Mobile, Ala., for Mobile Paint Manufacturing Co., Inc.

James H. Crosby, Mobile, Ala., for Clemco Industries, Inc.

Peter V. Sintz, Mobile, Ala., for Pulmosan Safety Equipment Corp., Inc.

Robert G. Kendall, Mobile, Ala., for Pulmosan Safety Equipment Corp., Inc.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

This matter came on for consideration on defendants Clemco, Inc., and Mobile Paint Company's motions for summary judgment, which argue that the claims presented by this suit are time barred.

Clemco, Inc. contends that California or Tennessee law should govern the issues presented by its motion for summary judgment. The main point argued is that the law of the state in which the contract was made applies. In support of this contention it cites a line of cases of which the most recent is *New Hampshire Fire Insurance Co. v. Curtis*, 264 Ala. 137, 85 So.2d 441 (1955), which was decided before Alabama adopted the Uniform Commercial Code in 1965.

Alabama has, under the Uniform Commercial Code, adopted a choice of law rule based upon the most significant relationship to the transaction, Code of Ala. Title 7A, § 1–105(1); *Ideal Structures Corp. v. Levine Huntsville Development Corp.*, 251 F.Supp. 3, 8, (N.D.Ala.1966). The hoods and respirators were sold to an Alabama company for re-sale in Alabama, Clemco made efforts to sell them in Alabama, they were to be used in Alabama, and any warranty made in regard to the hoods and respirators was to be performed in Alabama. These are sufficient to establish the appropriate relationship necessary under Section 1–105(1) to apply the law of the State of Alabama to this controversy.

The motion for summary judgment is based upon the statute of limitations given in Title 7A, § 2–725. Both sides agree that the four year period in Section 2–725(1) should govern. The issue is when that period should begin to run.

Defendants argue that the section on its face bars the action brought by plaintiffs. They argue that the section states that all warranty actions accrue at the time of delivery to the buyer, and that this includes actions for personal injuries, Title 7A, § 2–725(2). They therefore ask that all claims based upon articles purchased more than four years before the actions were brought be dismissed.

Plaintiffs contend first, that the hoods and respirators are consumer goods, and that under the Code injuries stemming from consumer goods accrue at the time of the injury, § 2–725(2); second, that even if they are not consumer goods, the time of delivery rule was not intended to apply to cases of personal injury arising under § 2–318; third, that under Alabama law, silicosis cases are treated as continuing injuries and the cause of action accrues on the last

date of exposure to the cause of injury; last, that there are genuine issues of material facts that must be decided by a jury.

■ The plaintiffs' first contention is that the hoods and respirators were "consumer goods" as defined in § 9–109(1), and that this definition is made applicable to Article 2 by 2–103(3). Section 9–109(1) defines goods as consumer goods " . . . if they are used or bought for use primarily for personal, family or household purposes." Comment 2 states that " . . . the principal use to which the property is put should be considered as determinative. Goods can fall into different classes at different times; a radio is inventory in the hands of a dealer and consumer goods in the hands of a householder." White and Summers, in their *Handbook On The Uniform Commercial Code*, 802, (1972), state that " . . . . goods are not classified in 9–109 according to their design or intrinsic nature but according to the use to which they are put. . . ." Under this definition, sandblasting hoods and respirators could conceivably be equipment in the hands of the owner-employer and consumer goods in the hands of the user-employee. This would, however, stretch a definition which by its terms appears to be mainly concerned with goods used for individual, private purposes, not those used in a business or by employees.

Plaintiffs argue that the statute of limitations should begin to run as to third-party beneficiaries of warranties under § 2–318 from the time they learn of their injuries. The Alabama Supreme Court has not decided this question. This Court must look to all available data to determine what its ruling should be, considering what rule would provide the most just and reasoned analysis, *Putman v. Erie City Manufacturing Co.*, 338 F.2d 911, (5th Cir. 1964).

This claim is brought under the warranty beneficiary provision of Alabama's version of the Uniform Commercial Code, Title 7A, § 2–318:

"§ 2–318. Third party beneficiaries of warranties express or implied.—A seller's warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty. A seller may not exclude or limit the operation of this section."

This section is a variation on the standard provision. It expands the class of those covered by the section, and eliminates the requirement of privity for those who suffer personal injuries, *Dudley v. Bayou Fabricators, Inc.*, 330 F.Supp. 788 (S.D.Ala.1971).

Section 2–725 is suggested by both sides as the applicable statute of limitations:

"2–725. Statute of limitations in contracts for sale. (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs."

The last clause was added to the provision by the legislature prior to its adoption, and is unique among the states which have adopted the Uniform Commercial Code.[1]

The problems of warranty beneficiaries, which are apparently neither fish nor fowl under the Code, are not specifically covered by this section. Since the changes in both

---

1. See 1 U.L.A.—U.C.C. § 2–725; Maine has a somewhat similar provision, Me. R.S.T.11, § 2–725, which is broader.

sections were made by the state legislature, they are not reflected in the Official Comments to the Code.

The arguments for applying the § 2–725(2) time of delivery rule center on the contentions that it covers all warranty actions under the Code and that warranty actions are contractual in nature. This point of view is well illustrated by *Hoffman v. A. B. Chance Co.*, 339 F.Supp. 1385, (M.D. Pa.1972). The court there held that § 2–725(2) applied to all actions arising from a breach of warranty, including personal injury, following the exact wording of the section. The Pennsylvania statute follows the standard version, and thus differs substantially from the corresponding Alabama statute, 12A P.S.Pa. § 2–725(2). Alabama is one of only a few states which have rejected the time of delivery rule by statute.[2]

While the Alabama Supreme Court has not yet answered this particular question, several other courts have decided cases which are fairly similar. One group has followed a strict interpretation of § 2–725(2), holding that it encompasses all warranty actions, regardless of whether they are for personal injury or economic damages. This is the position taken by the *Hoffman* case, supra. The other, larger group has either applied the state's personal injury statute of limitations policy to the Code,[3] or has held that the section was not applicable to warranty actions by remote users.[4]

In a situation very similar to the present case, the court in *Morton v. Texas Welding & Mfg. Co.*, 408 F.Supp. 7, (S.D.Tex.1976), held that employees suing the manufacturer of a truck which exploded and injured them were bound by the four year period in § 2–725, since their action for breach of warranty was provided by the Code. The court further held that the time began to run from the date the breach was discovered, since the running of a statute of limitations assumes that during that period the injured party could have brought suit. In the *Morton* case, since the date of injury was known, the statute ran from the date of injury.

The legislature modified § 2–725 to protect consumers who suffer personal injuries due to a breach of a seller's warranty. The legislature adopted its version of 2–318 in order to allow persons not in privity with the seller to recover for personal injuries due to a breach of the seller's warranty, *Dudley v. Bayou Fabricators, Inc.*, supra.

Comment 5 to § 2–607 demonstrates that the Code envisions applying provisions concerning consumers to warranty beneficiaries where their situations are similar:

"5. Under this Article various beneficiaries are given rights for injuries sustained by them because of the seller's breach of warranty. Such a beneficiary does not fall within the reason of the present section in regard to discovery or defects and the giving of notice within a reasonable time after acceptance, since he has nothing to do with acceptance. However, the reason of this section does extend to requiring the beneficiary to notify the seller that an injury has occurred. What is said above, with regard to the extended time for reasonable notification from the lay consumer after the injury is also applicable here; but even a beneficiary can be properly held to the use of good faith in notifying, once he has had time to become aware of the legal situation."

If the warranty beneficiary need not give notice within a reasonable time after acceptance since he plays no part in the acceptance, it would be incongruous to tie a statute of limitations to the time of delivery when the warranty beneficiary has nothing to do with the tender of delivery.

◾ The instant claim is an action for personal injury, but is founded upon a breach of warranty. The plaintiffs were

---

**2.** See 1 U.L.A.—U.C.C. § 2–725; South Carolina, S.C. Code Ann., § 10.2–725(2); Maine, Me. R.S.T.11 § 2–725(2).

**3.** See Appendix for list of representative cases.

**4.** *Romano v. Westinghouse Electric Co.*, 336 A.2d 555 (R.I.1975).

remote users, thus they would be in the same position as an injured consumer. A workman who uses articles given him by his employer for his protection on the job is very much like a consumer who purchases safety equipment from a retail seller for his own use. If both are injured, one action should not accrue at the time the goods are delivered to the employer while the other arises when the user is injured. If so, the period of limitation could run on one person before his injury occurs. This would defeat the basic assumption of a statute of limitations; that the action could have been brought while the period was running.

The changes made by the Alabama legislature, and relevant comments from the Code itself give an indication of the legislature's intention that personal injuries be given special consideration under the Alabama Uniform Commercial Code.

Title 7A, § 1–102 requires that the provisions of the Code be liberally construed and applied to promote its underlying purposes and policies. Comment 1 states:

"This Act is drawn to provide flexibility so that, since it is intended to be a semipermanent piece of legislation, it will provide its own machinery for expansion of commercial practices. It is intended to make it possible for the law embodied in this Act to be developed in the light of unforeseen and new circumstance."

■ It is the unquestioned rule in Alabama that " . . . a cause of action accrues as soon as the party aggrieved is entitled to begin and prosecute such action", *Larue v. C. G. Kershaw Contracting Co.*, 177 Ala. 441, 59 So. 155, 156, (1912); *Brotherhood of Locomotive Firemen and Enginemen v. Hammett*, 273 Ala. 397, 140 So.2d 832, (1962); *Henslee v. Merritt*, 263 Ala. 266, 82 So.2d 212, (1955); *Brown v. First Nat. Bank of Montgomery*, 261 Ala. 565, 75 So.2d 141, (1954); *Lecroix v. Malone*, 157 Ala. 434, 47 So. 725 (1908).

■ Since the action in favor of a warranty beneficiary is created by the Uniform Commercial Code, the Uniform Commercial Code statute of limitations should govern. However, to allow the statute to run from

the time of delivery would defeat the object of the section and conflict with the intention of the legislature as expressed by its modifications of the provisions in question. It would also violate a basic rule of Alabama law on limitation of actions. As shown above, warranty beneficiaries are in a position similar to that of a consumer injured by a breach of a seller's warranty. A similar rule for accrual of actions should be applied. The statute of limitations on an action for personal injuries by warranty beneficiaries accrues at the time of injury.

■ Under Alabama law, in an action based on unsafe working conditions, silicosis is considered to be a continuing injury. The time of injury is determined by the last date of exposure. The last date of exposure is the last date of employment in the type of work causing the injury, *Minyard v. Woodward Iron Co.*, 81 F.Supp. 414, (N.D. Ala.1948), aff'd 170 F.2d 508. Here it would be the last date of exposure while using the articles in question.

While it seems to the Court that the more equitable approach to this problem would be that the statute begins to run at the time of the discovery of silicosis, however, as expressed in *Minyard*, supra, the Alabama rule seems to have been established that the statute begins to run as of the last date of exposure and that the last date of exposure is the last date of employment in the type of work causing the injury. Applying this rule in the instant case, the statute began to run on the 28th day of March 1974, consequently, it is ORDERED, ADJUDGED and DECREED that Mobile Paint Company's motion for summary judgment is DENIED and Clemco, Inc.'s motion for partial summary judgment is DENIED.

APPENDIX "A"

I. CASES APPLYING STATE PERSONAL INJURY LIMITATION TO WARRANTY ACTIONS OR MODIFYING SECTION 2–725.

*Stephenson v. Duriron Co.*, 292 F.Supp. 66 (D.C.Ohio 1968), aff'd 428 F.2d 387

Owens v. Combustion Engineering, Inc., 279 F.Supp. 257 (D.C.Va.1967)

Davenport v. Deseret Pharmaceutical Co., 321 F.Supp. 659 (D.C.Va.1971)

Manos v. TransWorld Airlines, Inc., 295 F.Supp.1170 (D.C.Ill.1969)

Thrift v. Tenneco Chemicals, Inc., Heyden Division, 381 F.Supp. 543 (D.C.Tex.1974)

Schenk v. Piper Aircraft Corp., 377 F.Supp. 477 (D.C.Pa.1974)

Maynard v. General Electric Co., 486 F.2d 538 (4th Cir. 1973)

Withers v. Sterling Drug Co., 319 F.Supp. 878 (D.C.Ind.1970)

Mahalsky v. Salem Tool Co., 461 F.2d 581 (6th Cir. 1972)

Alabama Great Southern R. Co. v. Allied Chemical Corp., 467 F.2d 679 (5th Cir. 1972)

Morton v. Texas Welding & Mfg. Co., 408 F.Supp. 7 (D.C.Tex.)

## II. CASES APPLYING DATE OF SALE OR DELIVERY RULE OR VARIATIONS THEREOF.

Payne v. Piedmont Aviation, Inc., 294 F.Supp. 216 (D.C.Va.1968)

Carney v. Barnett, 278 F.Supp. 572 (D.C.Pa. 1967)

Boains v. Lasar Mfg. Co., 330 F.Supp. 1134 (D.C.Conn.1971)

O'Keefe v. Boeing Co., 335 F.Supp. 1104 (D.C.N.Y.1971)

Caruloff v. Emerson Radio & Phonograph Corp., 445 F.2d 873 (2d Cir. 1971)

Braniff Airways, Inc. v. Curtiss-Wright Corp. 424 F.2d 427 (2d Cir. 1970), cert. denied, 400 U.S. 829, 91 S.Ct. 59, 27 L.Ed.2d 59

Peeke v. Penn. Central Transp. Co., Inc., 403 F.Supp. 70 (D.C.Pa.1975)