**Frank DEROSSETT, Jr., Appellant,**

v.

**Herbert Wayne BURGHER et al., Appellees.**

Supreme Court of Kentucky.

Sept. 16, 1977.

Dan Rowland, Prestonsburg, for appellant.

James B. Todd, Pikeville, for appellees.

PER CURIAM.

This personal injury action was dismissed because the trial court was of the opinion it was not brought within one year after the cause of action accrued, as prescribed by KRS 413.140. The accident occurred July 25, 1973, and the complaint was filed July 25, 1974.

KRS 446.030(1)(a), as amended in 1970, provides in part:

"In computing any period of time prescribed or allowed by order of court, or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included."

Appellee asserts that in a long line of Kentucky decisions the court has consistently ruled that the day of the accident should be included in computing the time limitation and relies on *Fannin v. Lewis,* Ky., 254 S.W.2d 479 (1953). It is noted that in *Fannin v. Lewis,* decided prior to the 1970 amendment, the court commented that if a change was made, it should be done by the legislature and not the court. The legislature has now clearly spoken. The day of the accident should be excluded in computing the limitation period.

The judgment is reversed and the case remanded for a trial on the merits.

All concur.