529 F.Supp. 337 (1981)
Kenneth L. TEEL, et al., Plaintiffs,
v.
AMERICAN STEEL FOUNDRIES, et al., Defendants.
No. 81-397C(4).
United States District Court, E. D. Missouri, E. D.
December 28, 1981.
*338 *339 Jerome W. Seigfreid, Louis J. Leonatti, Seigfreid, Runge, Leonatti & Pohlmeyer, Mexico, for plaintiffs.
Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, Mo., for defendant White Motor Corp.
John S. Sandberg, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendants.

ORDER
HUNGATE, District Judge.
This matter is before the Court on the separate motions to dismiss plaintiffs' complaint filed by defendants American Steel Foundries and White Motor Corporation.
Having fully considered the Report and Recommendation of the United States Magistrate, along with the entire record, and *340 there being no objections to the Magistrate's report,
IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate be and the same is sustained, adopted, and incorporated herein.
IT IS HEREBY FURTHER ORDERED that the separate motions to dismiss plaintiffs' complaint filed by defendants American Steel Foundries and White Motor Corporation be and the same are granted.
IT IS HEREBY FURTHER ORDERED that plaintiffs' complaint be and the same is dismissed for failure to state a claim upon which relief can be granted.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Nov. 24, 1981.
DAVID D. NOCE, United States Magistrate.
This matter is before the Court on the separate motions to dismiss filed by defendants American Steel Foundries ("American Steel") and White Motor Corporation ("White Motor"). Both motions were referred to the undersigned United States Magistrate for review and a recommended disposition. 28 U.S.C. § 636(b).
Plaintiffs Kenneth and Helen Teel commenced this diversity action on April 9, 1981. Plaintiff Kenneth Teel alleges that on June 30, 1978, during the course of his employment for Wetterau, Incorporated, he was operating a 1972 White Freightliner tractor and trailer near Greenville, Kentucky. The trailer became disengaged from the tractor as a result of a defective fifth wheel, causing plaintiff to lose control of the tractor-trailer. The vehicle crashed, and as a direct result, plaintiff Kenneth Teel sustained injuries. He brings this action for his personal injuries against defendant American Steel, the manufacturer of the allegedly defective fifth wheel, and against White Motor, the seller of the tractor containing the fifth wheel.
Count I of the complaint alleges that defendants breached express and implied warranties of merchantability as to the fifth wheel, and express and implied warranties of fitness for a particular purpose. In Count II of the complaint, plaintiff seeks recovery from defendants on a products liability theory. See 2 Restatement of Torts, Second, § 402A (1965). Plaintiff alleges that American Steel sold the fifth wheel in the course of its business and that it was then in a defective condition, unreasonably dangerous. He also alleges that White Motor sold the White Freightliner tractor in the course of its business and said tractor contained the defective fifth wheel. Plaintiff Kenneth Teel alleges he was using the product in a manner reasonably anticipated and was injured as a direct result of the defect in the fifth wheel.
In Count III of the complaint, plaintiff Helen Teel, wife of Kenneth Teel, makes a claim against both defendants for losses she sustained as a direct result of the injuries to her husband.
Defendant White Motor has moved to dismiss the complaint, alleging that plaintiffs have breached the applicable statute of limitations for this cause of action. In the alternative, defendant White Motor moves for a stay of the proceedings pending the outcome of a bankruptcy petition filed by it on September 4, 1980 in the Northern District of Ohio.
Defendant American Steel has moved to dismiss or, in the alternative, to quash service of process. This motion alleges that plaintiffs' action was commenced after the statute of limitations expired, that plaintiffs have no personal jurisdiction over it because there are insufficient contacts with the state of Missouri, and that plaintiffs are not in contractual privity with this defendant.
At the outset, it is noted that, "a complaint may properly be dismissed on motion for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations." Suckow Borax Mines Consolidated v. Borax Consolidated, Limited, 185 F.2d 196, 204 (9th Cir. *341 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951); 5 Wright and Miller, Federal Practice and Procedure (Civil) § 1357, p. 608 (1969). A complaint is not subject to dismissal for failure to state a claim unless it appears beyond doubt that no relief can be granted under any set of facts that can be proven under the allegation. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Fed.R.Civ.Pro. 12(b)(6).
In determining the pertinent statute of limitations to apply in a diversity action a federal court is required to apply the statute of limitations that the state courts in the same jurisdiction would apply. Bergstreser v. Mitchell, 577 F.2d 22, 26 (8th Cir. 1978). The Missouri "borrowing statute," Mo.Rev.Stat. § 516.190, has the effect of making another state's statute of limitations applicable when an accident occurs in the other state but the cause of action is brought in Missouri. Trzecki v. Gruenewald, 532 S.W.2d 209, 211-12 (Mo.banc 1976). Defendants posit that Ky.Rev.Stat. § 413.140(1)(a) is the proper statute of limitations to apply in this case. That section states:
(1) The following actions shall be commenced within one (1) year after the cause of action accrued:
(a) an action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant.
Ky.Rev.Stat.Ann. § 413.140(1)(a) (Supp. 1979). Under this statute, a personal injury cause of action accrues at the time of the accident and the one-year limitations period begins to run at that time. Derossett v. Burgher, 555 S.W.2d 579 (Ky.1977). In computing this one-year time period, the day of the accident is excluded. Id. If this provision applies, plaintiffs' cause of action was foreclosed on June 30, 1979 by the running of the statute.
Plaintiffs insist, however, that the pertinent statute is Ky.Rev.Stat. § 355.2-725, which provides a four-year limitations period:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action is accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (Emphasis added.)
Ky.Rev.Stat.Ann. § 355.2-725(1) (Supp. 1979). This section was enacted in 1960, when Kentucky adopted the Uniform Commercial Code ("the UCC"). Section 355.2-725 tracks the wording of § 2-725 of the UCC verbatim. Plaintiffs argue that the enactment of the UCC in Kentucky expresses an intent by the legislature that the Code occupy the field of commercial transactions, and since Count I of their complaint is a breach of warranty claim, § 355.2-725 provides the proper statute of limitations. Plaintiffs' theory is further premised on the fact that § 355.2-715(2)(b) allows recovery for injuries to person or property proximately resulting from any breach of warranty by a seller. Ky.Rev. Stat.Ann. § 355.2-715(2)(b) (Supp.1979). It is also clear that a "seller" under this section may include a manufacturer of defective goods as well as a retail seller. Hoffman v. A. B. Chance Co., 339 F.Supp. 1385 (M.D.Pa.1972) (employee seeks recovery under UCC and 402A theories against manufacturer of defective product purchased by his employer).
Defendants argue that the one-year statute of limitations for personal injury actions, § 413.140(1)(a), applies in the instant case because Kentucky courts traditionally look to the object of the action, not the form, to determine which statute of limitations is applicable. Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.2d 77 (1932); Columbus Mining Co. v. Walker, 271 S.W.2d 276 (Ky.1954). Defendants also argue that the object of the action is plaintiff Kenneth Teel's personal injuries, despite plaintiffs' characterization of the action as one for breach of warranty. The apparent conflict between § 413.140(1)(a) and § 355.2-725 has never been resolved by Kentucky courts, as there have been no cases on the issue since the enactment of the UCC in Kentucky. Other jurisdictions are divided on the issue of which limitation statute *342 applies in a breach of warranty action for personal injuries. See Simmons v. American Mutual Liability Insurance Co., 433 F.Supp. 747, 750 (S.D.Ala.), aff'd mem., 560 F.2d 1022 (5th Cir. 1977); White and Summers, Uniform Commercial Code, § 11-9, p. 416-17 (2nd ed. 1980).
In the absence of a clear mandate from the Kentucky state courts it cannot be said beyond doubt that § 413.140(1)(a) should apply to plaintiff's breach of warranty claim rather than § 355.2-725. See Crawford County Trust & Savings Bank v. Crawford County, Iowa, 66 F.2d 971, 973 (8th Cir. 1933), cert. denied, 291 U.S. 664, 54 S.Ct. 439, 78 L.Ed. 1055 (1934) (when substantial doubt exists as to which of two limitations statutes is applicable longer period will be applied). The four-year limitations period of § 355.2-725 should, therefore, be applied to plaintiffs' breach of warranty claim, stated in Count I. There is no substantial doubt, however, that the one-year limitations period of § 413.140(1)(a) should be applied to the products liability claim stated in Count II of the complaint. Therefore, Count II should be dismissed as plaintiffs have exceeded the limitations period.
Concerning Count I, under § 355.2-725, the limitations period commences as follows:
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
Ky.Rev.Stat.Ann. § 355.2-725(2) (Supp. 1979). The statute begins to run on the date that the product is tendered to the buyer. White and Summers, supra, § 11-9, p. 415; Binkley Company v. Teledyne Mid-America Corporation, 333 F.Supp. 1183, 1187 (E.D.Mo.1971), aff'd, 460 F.2d 276 (8th Cir. 1972) (decided under Missouri law). In the instant case the buyer was Wetterau, Incorporated, employer of plaintiff Kenneth Teel. The statute started to run in favor of both defendants on the date that delivery of the tractor-trailer was tendered to Wetterau. This is true despite the aggrieved party's lack of knowledge of the breach. Section 355.2-725(2); see Hoffmann v. A. B. Chance Co., supra, 339 F.Supp. at 1386-87. Plaintiffs' complaint alleges in ¶ 8 of Count I that the new 1972 White Freight-liner tractor containing the allegedly defective fifth wheel was sold by defendant White Motor to Wetterau. The complaint does not explicitly allege when the tractor was delivered to Wetterau. Defendants in their memorandum of law request that the Court take judicial notice of the fact that a newly purchased 1972 truck would be delivered no later than September 1973. The Court should not resolve this cardinal factual issue on this basis.
Plaintiffs argue that the limitations period under § 355.2-725 accrues on the date of injury to the plaintiff, despite the explicit wording of the statute to the contrary. There are no Kentucky cases which construe § 355.2-725(2). Plaintiffs insist that Louisville Trust Company v. Johns-Manville Products Corporation, 580 S.W.2d 497 (Ky. 1979), stands for the proposition that Kentucky utilizes a "date of injury" rule for breach of warranty actions, rather than the "date of delivery" rule clearly expressed in § 355.2-725(2).[1] The undersigned disagrees. *343 The Court in Louisville Trust explicitly limited its holding to "tort actions for injury from latent disease caused by exposure to a harmful substance." Id., at 501. Furthermore, the issue in that case was how § 413.140(1) should be interpreted; no mention is made of the Code provisions or breach of warranty actions generally.
As noted, Kentucky has never judicially construed § 355.2-725(2). When a federal court is faced with a lack of controlling state judicial authority, it must determine the law as the state court would determine it, guided by reason and sound judicial analysis. Morton v. Texas Welding And Manufacturing Co., 408 F.Supp. 7, 10 (S.D.Tex.1976). It is a universally recognized rule of statutory construction that "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." 2A, Sands, Sutherland Statutory Construction, § 46.01, p. 48 (4th ed. 1973), citing Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). The plain meaning of the words of § 355.2-725(2) is the best expression of the legislative intent: "A cause of action accrues when the breach occurs, .... A breach of warranty occurs when tender of delivery is made...." The plain meaning of these words is that the statute of limitations begins to run when the delivery of the product is tendered to the purchaser. To read this statute in any other way would be to construe it against its plain and unambiguous meaning.
A District Court in another jurisdiction presented with the same issue as the one before this Court stated:
Statutes of limitations, as their name suggests, are legislative, not judicial creations. While the Supreme Court of Pennsylvania and indeed to some extent this Court have the power to construe such statutes, neither they nor we can overrule them. Nor should a court "construe" a statute against the plain meaning of the words. (Citations omitted.)
Peeke v. Penn Central Transportation Company, Inc., 403 F.Supp. 70, 74 (E.D.Penn. 1975), aff'd mem., 538 F.2d 320 (3rd Cir. 1976). The Court, in the case just cited, dismissed plaintiff's cause of action based upon Pennsylvania's enactment of § 2-725, indicating that the cause of action accrued on the date delivery of the product was tendered. Id.
Further support for this construction of § 355.2-725 is provided by: (1) recognized commentators, see White and Summers, supra, § 11-9, p. 415; (2) the Eighth Circuit's holding on this issue, Binkley Company v. Teledyne Mid-America Corporation, supra, 460 F.2d at 277; and (3) the majority of cases from other jurisdictions construing § 2-725 of the UCC. See generally 1A Uniform Laws Annotated, Uniform Commercial Code, Notes of Decisions fol. § 2-725 (1976).
Although the undersigned concurs with defendants' construction of § 355.2-725, a determination of whether the limitations period has been breached cannot be made absent a showing of the date delivery of the tractor was tendered to Wetterau, Inc. Count I of the complaint may not be dismissed at this time based upon defendants' statute of limitations defense.
Defendant American Steel also moves to dismiss based on the allegation that Count I[2] and Count III to the extent it derives from Count I, fails to state a cause of action because plaintiffs lack the relationship with defendant American Steel required by the Kentucky UCC, Ky.Rev.Stat. § 355.2-318. This raises the issue of whether a person not in contractual privity with a "seller" may maintain a cause of action based on an alleged breach of warranty by the seller.
*344 In determining which state's substantive law will be applied to resolve this issue, the Court refers to Mo.Rev.Stat. § 400.1-105 which states, in pertinent part:
(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law of either this state or of such other state or nation shall govern their rights and duties. Failing such agreement this chapter applies to transactions bearing an appropriate relation to this state. (Emphasis added.)
Mo.Rev.Stat. § 400.1-105(1) (1978). Absent an agreement of the parties, Missouri law will be applied as long as the transaction bears an "appropriate relation" to the state. Missouri has an appropriate relation with this action because plaintiffs are Missouri residents, and the subject matter of the contract, the tractor, was primarily situated in Missouri.[3]See National Starch And Chemical Corporation v. Newman, 577 S.W.2d 99, 103-04 (Mo.App.1978). The undersigned will utilize Missouri substantive law in resolving the privity issue.
Plaintiff Kenneth Teel was an employee of Wetterau, Inc., purchasers of the tractor containing the allegedly defective fifth wheel. Consequently plaintiffs bring this action as third-party beneficiaries to the contract between White Motor, the seller, and Wetterau. The UCC, in § 2-318, defines the class of beneficiaries in breach of warranty actions. The UCC presents three alternative versions of § 2-318 which the different jurisdictions may adopt. Missouri has adopted Alternative A, which reads:
A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or was a guest in his home if it is reasonable to expect that such person may use, consume, or be affected by the goods and was injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.
Mo.Rev.Stat. § 400.2-318 (1978). On its face this section allows recovery to a very limited class of non-privity parties. Alternatives B and C greatly expand the scope of the seller's warranty to include all persons "who may reasonably be expected to use, consume, or be affected by the goods...."[4]
Plaintiffs urge the Court to ignore the privity requirement based upon a recent Missouri Court of Appeals decision in Groppel Company, Inc. v. United States Gypsum Company, 616 S.W.2d 49 (Mo.App.1981). Plaintiff Groppel was a subcontractor who sued a manufacturer of fireproofing material for economic losses arising out of the alleged defective nature of the product. The defendant manufacturer raised a privity defense distinct from the one in the instant case. The question in the Groppel case was whether a remote purchaser could recover against the manufacturer. Id., at 57. The Court held that § 2-318 does not foreclose such an action because the section speaks only to the issue of "horizontal privity" (who besides a purchaser has a right of action against the manufacturer or seller of a defective product). In reaching this conclusion the Court relied upon the official UCC Comment[5] to § 2-318 which states:
The first alternative expressly includes as beneficiaries within its provisions the family, household, and guest of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain. (Emphasis added.)
*345 Uniform Commercial Code, Comment 3 to § 2-318. The Court in Groppel recognized that other courts have held that this comment was intended to express the UCC's neutrality with regard to the issue of "vertical privity" (whether remote purchasers in the distributive chain may benefit from the seller's warranties). Accordingly, the Court concluded that implied warranties could be judicially extended to remote purchasers without offending the privity requirements of § 400.2-318. Id., at 57-58. The Groppel case does not constitute authority for an extension of the seller's warranties to nonpurchasers other than those specifically mentioned in § 400.2-318.
Missouri courts have never specifically interpreted § 2-318 with regard to the class of persons who may be considered in horizontal privity with the seller. Consequently, there is no case law which specifically addresses the issue of whether an employee of a purchaser may fall within the scope of § 2-318, Alternative A. In the absence of controlling case law the Court may resort to other factors indicating legislative intent.
The language of § 400.2-318 extends the warranty only to one who is "in the family or household of [the] buyer or who is a guest in his home...." There is nothing in the express wording of this section to indicate that an employee of a buyer may benefit from the seller's warranty. Furthermore, the Missouri Code Comment to § 400.2-318 indicates that the section is to be read restrictively. The Comment states, in pertinent part:
Missouri courts have required privity in warranty cases which involve goods other than food and drink. The food and drink decisions are distinguished on the basis of the nature of the product and do not depend upon a family or household relationship between the injured person and the purchaser.
Mo.Rev.Stat.Ann. § 400.2-318 (1965). This comment clearly expresses a legislative intent to limit the class of third party beneficiaries of the seller's warranty to the class of persons specifically enumerated in the statute. Finally, the very fact that the Missouri legislature enacted Alternative A, rather than the more expansive Alternatives B or C provides further indicia of this intent. Had the legislature intended employees of buyers to obtain the benefits of a warranty, they could have enacted either Alternative B or C.
A number of other jurisdictions have explicitly held that § 2-318, Alternative A, does not allow a cause of action by an employee injured by an allegedly defective product purchased by his employer. Colvin v. FMC Corporation, 43 Or.App. 709, 604 P.2d 157, 160 (1979); Hester v. Purex Corporation, Ltd., 534 P.2d 1306, 1308 (Okl. 1975); H. E. Weaver v. Ralston Motor Hotel, Inc., 135 Ga.App. 536, 218 S.E.2d 260, 262-63 (1975). The New Jersey Supreme Court, interpreting § 2-318, Alternative A, stated:
[I]t is not the duty of the courts to amend the statute where the Legislature has spoken. Therefore, under New Jersey law the statutory breach of warranty claims would not be available to Leeds Terminal, Inc., or to any party other than the contract purchaser, or the limited class set forth in § 2-318. (Emphasis added.)
Monsanto Company v. Alden Leeds, Inc., 130 N.J.Super. 245, 326 A.2d 90, 95 (1974).
The undersigned reads § 400.2-318 to foreclose a breach of warranty action by a party not in privity and not included in the limited class enumerated by the statute. "Provisions not plainly written in the law or necessarily implied may not be added by a court under the guise of construction to accomplish an end the court deems beneficial." State ex. rel. Igoe v. Bradford, 611 S.W.2d 343, 349 (Mo.App.1980). In the absence of a state court decision to the contrary, the express wording of § 400.2-318 and the legislative intent implied by the comments to the statute must control. Had the Missouri legislature intended broader coverage by the UCC they could have enacted either Alternative B or C to § 2-318.
Plaintiff Kenneth Teel is not in privity with defendant American Steel and is not within the class of persons who may maintain *346 a breach of warranty action based on § 400.2-318. Therefore, plaintiffs' complaint fails to state a cause of action against defendant American Steel in Count I. This claim should be dismissed.
Defendant American Steel also moves for the Court to quash service of process or, in the alternative, to dismiss the cause of action because the defendant lacks sufficient contacts with the state of Missouri under Missouri Supreme Court Rule 54.06 and the pertinent long arm statute, Mo.Rev. Stat. § 506.500. Defendant American Steel in its answers to plaintiffs' interrogatories admitted that it maintains a sales office in Missouri and has since 1926. Defendant also stated in the interrogatories that the sales office has two sales persons who solicit business in the state of Missouri. These facts, standing alone, are sufficient to find that defendant has been "transacting business" in Missouri and consequently service of process is valid under Rule 54.06. See State ex. rel. Caine v. Richardson, 600 S.W.2d 82, 84 (Mo.App.1980).
Personal jurisdiction based upon these contacts does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The Court in International Shoe found that service of process satisfied due process based upon the defendant corporation's employment of thirteen salesmen who resided and solicited business in Washington. Id., at 313, 66 S.Ct. at 157. The defendant did not maintain an office in Washington. Id. In the instant case, defendant American Steel actually maintains an office in Missouri and solicits business in Missouri through two sales persons. Personal jurisdiction is proper in this case.
Defendant White Motor has submitted, together with its motion to dismiss, defendant's Exhibit A, a copy of a petition for voluntary bankruptcy filed on September 4, 1980 in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. The undersigned acknowledges, in accordance with 11 U.S.C. § 362(a)(1), that the filing of this petition operates as a stay, applicable to all entities, of "the commencement ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." The injuries to plaintiff Kenneth Teel occurred on June 30, 1978. However, rather than stay this action on the claims against White Motor, the undersigned believes these claims should be dismissed for lack of the requisite privity between plaintiff and this defendant, as treated above on American Steel's motion to dismiss. Although White Motor did not move to dismiss on the ground of lack of privity, it is very clear that this defendant is entitled to dismissal for this reason. Plaintiff Kenneth Teel is not within the class of persons related to White Motor set forth in Mo.Rev.Stat. § 400.2-318. Plaintiffs' arguments on American Steel's motion to dismiss apply equally to the context of their claim against White Motor. Rather than stay these claims, it is better to resolve the claims on their merits.

RECOMMENDATION
For the reasons set out above, it is recommended that the motions of defendants American Steel Foundries and White Motor Corporation to dismiss plaintiff's complaint be granted for failure to state a claim upon which relief can be granted. The parties are advised that they have ten days within which to file written objections to this Report and Recommendation.
NOTES
[1] Plaintiffs cite two other cases which hold that breach of warranty actions accrue on the date the injury to plaintiff is discovered or reasonably could have been discovered. Morton v. Texas Welding And Manufacturing Co., 408 F.Supp. 7 (S.D.Tex.1976), indicates that UCC § 2-725 should be read to allow a cause of action to accrue when the buyer discovers, or should have discovered the injury. Id., at 11. This holding, however, is based upon prior Texas case law in breach of warranty actions. The District Court apparently felt the previous case law should control over the explicit wording of the statute. Simmons v. American Mutual Liberty Insurance Co., 433 F.Supp. 747 (S.D.Ala. 1976) also adopts a "date of injury" rule, but does so because of a modification of Alabama's version of UCC § 2-725 explicitly enacting a "date of injury" rule for personal injuries in cases involving consumer goods. Id., at 749. The undersigned deems neither of these cases controlling in this action.
[2] American Steel's motion to dismiss erroneously refers to "Count II" as the breach of warranty action. Plaintiffs' complaint states the breach of warranty claim in Count I and the products liability claim in Count II.
[3] The complaint alleges that plaintiff's employer and the owner of the tractor has its place of business in Missouri.
[4] The apparent difference between Alternatives B and C is that Alternative B is limited only to injuries to the person, while Alternative C extends to any injury.
[5] The Court noted that the official UCC Comments are a permissible aid in determining legislative intent. Id., at 57 n.7.